BENOLKEN, Appellant, v. MIRACLE, et al., Respondents.

No. 9406.

Submitted March 23, 1954. Decided May 21, 1954.

Rehearing Denied July 30, 1954.

273 Pac. (2d) 667.

;. Mr. E. F. Bunker, Mr. Lyman H. Bennett, Jr., Bozeman, for appellant.

Mr. Ralph J. Anderson, Helena, for intervenors and respondent.

Mr. Bennett and Mr. Anderson argued orally.

MR. JUSTICE FREEBOURN:

This is an original proceeding whereby Leo Benolken, administrator of the estate of Frank A. Benolken, deceased, plaintiff and appellant in this action, by petition filed in this court, sought the stay of an order of the district court which directed defendant, Ralph Miracle, to deposit $3,079.22 in the office of the clerk of the district court, which order was made after notice of appeal from the judgment had been filed and served. This court having granted the stay sought, the intervenors filed a petition to annul and set aside the same, and after hearing had thereon, we must now pass on the merits of the intervenors' petition.

The petition for such stay alleges: That such district court on February 10, 1954, "rendered and entered its judgment in the above entitled cause, determining that the intervenors in said cause were the owners of the certain livestock brand F/B on the right ribs, and determining no other matters; that thereafter and on the 9th day of March 1954, the appellant above named, being plaintiff in said district court, perfected an appeal from said judgment by serving and filing a notice of appeal therefrom to the Supreme Court of the State of Montana;

"That after the perfection of said appeal, and on the 9th day of March, 1954, the district court for the county of Lewis and Clark, State of Montana, and the Honorable Victor H. Fall, Judge presiding therein, purported to make a certain order requiring the defendant in said cause, Ralph Miracle, as General Recorder of Marks and Brands for the State of Montana, to deposit in said district court in connection with the above entitled cause certain monies held by him from the sale of certain livestock bearing the brand above described, amounting to $3,079.22;

"That after the making of said order dated March 9, 1954;

the intervenors in said cause filed a petition for the payment of said monies to the said intervenors.

"That unless the Honorable Supreme Court of the State of Montana makes an order staying all further proceedings in said cause in the said district court, the said district court for Lewis and Clark County, Montana, will make orders for the disbursement of said fund and such disbursement will render the appeal from the said judgment ineffective insofar as the said fund is concerned and the effect of said decision of the Supreme Court of the State of Montana thereon and will disturb the status quo of plaintiff's appeal;

"Wherefore, appellant prays that this Honorable Supreme Court of the State of Montana make an order staying the enforcement of said order for deposit of funds so entered by said district court, and staying any further proceedings in said district court upon the judgment appealed from and upon all matters embraced thereon throughout the pendency of the appeal from said judgment."

On March 9, 1954, this court granted such stay and ordered "that the enforcement of that certain order dated March 9, 1954, entered in the District Court of the First Judicial District of the State of Montana, in and for the county of Lewis and Clark, and authorizing the defendant in the above entitled cause to deposit $3,079.22 by warrant from the State Treasurer payable to the clerk of said district court, be stayed and that all proceedings in said District Court upon the judgment appealed from and upon all matters embraced therein be stayed, throughout the pendency of this appeal. * * *"

On March 11, 1954, the intervenors filed their petition in this court asking that the stay order granted by this court be vacated, annulled and set aside.

This petition alleged that Miracle, on February 17, 1954, filed his petition in the district court wherein he asked that he be allowed to deposit said sum of $3,079.22, in which he claimed no interest, "in court by delivering a warrant in the said sum

from the State Treasurer to the Clerk of the Court," and that "said petition [of Miracle] was heard on March 9, 1954."

Intervenor's petition admits: "That prior to the said hearing [of Miracle's petition] the plaintiff in said action, appellant herein, had served on the attorneys for the intervenors a Notice of Appeal * * * That after the said hearing the said court made its order [authorizing Miracle to deposit the sum of $3,079.22 in court] * * * That immediately following the entry of the order * * * the intervenors * * * filed their petition [asking that the clerk of the court pay the $3,079.22 to the intervenors] * * * That no notice of appeal from such order [directing Miracle to pay the $3,079.22 to the clerk of the district court] has been filed; that no bond has been filed on appeal in the above entitled action and that no notice of appeal has been filed from the order of March 9, being an order after final judgment entered on the 9th of March, 1954, in the above entitled action for the deposit of funds * * * That until an appeal is perfected from said order of March 9, 1954, by the giving of notice of appeal and bond as required by law that this court [supreme court] is without jurisdiction to enter any order to stay proceedings * * *."

On March 12, 1954, this court issued an order to show cause why the stay order should not be set aside, which was argued before this court on March 23, 1954.

As admitted by intervenors' petition, "prior to the said hearing [of Miracle's petition] the plaintiff in said action, appellant herein, had served on the attorneys for the intervenors a Notice of Appeal [from the judgment]." This notice of appeal was filed the day it was served.

R. C. M. 1947, sec. 93-8005, provides: "An appeal is taken by filing with the clerk of the court in which the judgment or order appealed from is entered, a notice stating the appeal from the same, or some specific part thereof, and serving a similar notice on the adverse party, or his attorney. The order of service is immaterial, but the appeal is ineffectual for any purpose unless, within five days after service of the notice of

appeal, an undertaking be filed, or a deposit of money be made with the clerk, as hereinafter provided, or the undertaking be waived by the adverse party in writing."

Appellant perfected and made his appeal from the judgment effectual by depositing on March 13, 1954, with the clerk of the lower court, the sum of $300 in cash, pursuant to R. C. M. 1947, sec. 93-8006, which provides: "The undertaking on appeal must be in writing, and must be executed on the part of the appellant by at least two sureties, to the effect that the appellant will pay all damages and costs which may be awarded against him on the appeal, or on a dismissal thereof, not exceeding three hundred dollars; or that sum must be deposited with the clerk with whom the judgment or order was entered, to abide the event of the appeal."

The petition to this court asking for the stay of proceedings made after the notice of appeal was served and filed, but before the cash bond was put up, alleged that if such stay was not had the district court "will make orders for the disbursement of said fund [$3,079.22] and such disbursement will render the appeal from the said judgment ineffective insofar as the said fund is concerned and the effect of said decision of the Supreme Court of the State of Montana therein and will disturb the status quo of plaintiff's appeal."

When the notice of appeal from the judgment was served ▉ and filed, jurisdiction over the parties to the controversy and the subject matter thereof passed from the district court and vested in this court. It then became the duty of this court to maintain the status quo of the parties and their rights until the controversy could be determined in this court, so that rights involved in such appeal may not be lost or prejudiced prior to such determination.

Our state Constitution, Article VIII, sec. 3, in part provides: "The appellate jurisdiction of the supreme court shall extend to all cases at law and in equity, subject, however, to such limitations and regulations as may be prescribed by law. *Said court shall have power in its discretion to issue and hear and determine*

writs of habeas corpus, mandamus, quo-warranto, certiorari, prohibition and injunction, and *such original and remedial writs as may be necessary or proper to the complete exercise of its appellate jurisdiction.* * * *"

In Finlen v. Heinze, 27 Mont. 107, 69 Pac. 829, 834, 70 Pac. 517, this court said: "Upon appeal from a final judgment, after the motion for a new trial has been disposed of, jurisdiction over the subject-matter involved and the parties to grant an injunction or other appropriate relief pending the appeal is vested in this court. To preserve and protect the property so that at the end of the controversy in this court it may be in the same situation it was at the time this court obtained jurisdiction over it, is solely and exclusively the office and duty of this court. It is a necessary incident to its appellate power, whether expressly conferred by the constitution or not, unless withheld by express provision of that instrument. Under section 3, cited supra [Montana Constitution], the power is expressly confided to our discretion to issue, hear, and determine any writ which may be deemed necessary to the complete exercise of this power. To protect and preserve the rights of the parties is a power absolutely necessary in aid of this jurisdiction. It being lodged in our discretion, without limitation or restriction, the district court has no power to take it away, and is therefore without authority to act in the premises in any way whatever."

In Nepstad v. East Chicago Oil Ass'n, Inc., 96 Mont. 183, 29 Pac. (2d) 643, 645, it was said: "In 2 Cal. Jur. 464, it is said: 'The power of an appellate court to issue a writ of *supersedeas* exists in cases where the statute regulating a stay of proceedings on appeal makes no provision for such stay in the particular case, but where the writ is necessary to preserve the *status quo*, so that rights involved in an appeal when determined by the appellate court may not be lost or prejudiced by reason of the intervening execution of the judgment or order appealed from. Hence, it is a general rule, that when the law makes no provision for a stay, the appellate court should grant a *supersedeas* whenever it is reasonably necessary to protect the appellant from serious injury

in case of reversal.' Under this rule it would seem that the Chicago company could have obtained a writ of supersedeas had it desired to do so.''

In Hynes v. Barnes, 30 Mont. 25, 75 Pac. 523, this court said: ''Section 1724, Code Civ. Proc. [of 1895, now R. C. M. 1947, sec. 93-8005, supra], provides that an appeal is taken by filing a notice of appeal, and serving the same on the adverse party. This corrected judgment was not rendered nor entered until long after this appeal had been perfected. Section 1730, Code Civ. Proc. [of 1895, now R. C. M. 1947, sec. 93-8011], provides that, where an appeal is perfected, it stays all further proceedings in the court below upon the judgment or order appealed from, or upon the matters embraced therein. The action of the trial court in attempting to correct this judgment was certainly a 'proceeding in the court below upon the judgment,' and a 'matter embraced therein.' Under a similar statute the Supreme Court of California has repeatedly held that the trial court has no authority to take any proceedings whatsoever with respect to matters embraced in the appeal after the appeal is perfected.''

In Moreland v. Monarch Mining & Mill Co., 55 Mont. 419, 178 Pac. 175, 176, we said: ''It is elementary that when the appeal was perfected from the judgment dated September 2, the district court lost jurisdiction of the cause in so far as the rights of the intervener were involved. Glavin v. Lane, 29 Mont. 228, 74 Pac. 406; Hynes v. Barnes, 30 Mont. 25, 75 Pac. 523; Molt v. Northern Pac. Ry. Co., 44 Mont. 471, 120 Pac. 809.''

In State ex rel. O'Grady v. District Court, 61 Mont. 346, 202 Pac. 575, 576, this court said: ''Appeal had been taken to this court by the service and filing of notice and filing the required undertaking (section 7100, Rev. Codes [1907, R. C. M. 1947, sec. 93-8005]), and therefore, to all intents and purposes, the action in which the judgment appealed from, and the judgment itself, was no longer in the court below, but automatically was removed here and the lower court thereby divested of jurisdiction over it. The court below and the appellate court cannot exercise jurisdiction at the same time over the same judgment,

nor can this court be deprived of its jurisdiction when once acquired, by an act or order whatsoever of the inferior tribunal. Nor can any act or stipulation of the parties themselves in the court below reinvest that court with a jurisdiction which it had lost by virtue of an appeal. The appeal removed jurisdiction of the subject-matter to this court * * *.'' See also, Helena Adjustment Co. v. Predivich, 98 Mont. 162, 37 Pac. (2d) 651; Stewart v. First National Bank & Trust Co., 93 Mont. 390, 18 Pac. (2d) 801; and State v. Groom, 89 Mont. 447, 300 Pac. 226.

After an appeal is perfected, that is after the notice of appeal ▉ has been served and filed and the undertaking put up, all further proceedings in the court below are stayed by virtue of the provisions of R. C. M. 1947, sec. 93-8011, which in part provides: ''Whenever an appeal is perfected, as provided in the preceding sections of this chapter, it stays all further proceedings in the court below upon the judgment or order appealed from, or upon the matters embraced therein * * * but the court below may proceed upon any other matter embraced in the action, and not affected by the order appealed from. * * * An appeal does not continue in force * * * unless, within five days after the entry of the order appealed from, such appeal be perfected.''

The ownership and right to possession of the $3,079.22 is a matter ''embraced'' in this action and judgment; and the intervenors, recognizing this to be the fact, filed their petition in the action in the district court asking that such money be distributed to them by virtue of the judgment appealed from.

Without the stay given by this court such money would have been distributed to the intervenors, whereby the appellant would lose it, or at least be put to expense, trouble and risk in trying to get it, if this court should, in finally determining the appeal, find in appellant's favor. The delay cannot injure the intervenors and respondents, except to delay the reception of such money, if the appeal is finally, by this court, decided in their favor.

The stay of proceedings was, therefore, properly granted. For

the reasons stated the petition of the intervenors to annul and set aside the stay order of this court is not meritorious and is denied.

MR. CHIEF JUSTICE ADAIR and MR. JUSTICES BOTTOMLY, ANGSTMAN and ANDERSON concur.