CLARENCE G. POLSON, Plaintiff and Respondent, *v.*
DONALD E. THOMAS, Defendant and Appellant.
No. 10126.
Submitted September 20, 1960. Decided November 29, 1960.
Rehearing Denied December 19, 1960.
357 P.2d 349.

Jones, Olsen, Dowlin & Pease, Billings, for appellant. Harlow Pease argued orally.

Richard J. Carstensen, Billings, for respondent.

MR. CHIEF JUSTICE HARRISON delivered the Opinion of the Court.

Appeal from a judgment entered in a quiet title action tried by the court without a jury, in the district court of Big Horn County. At the conclusion of the trial, request was made that findings of fact and conclusions of law be made by the court, and the defendant appellant filed with the clerk on August 11, 1959, his proposed findings of fact and conclusions of law.

On October 13, 1959, the court filed its findings of fact and conclusions of law and ordered judgment to be entered for the plaintiff respondent. On October 16, 1959, appellant filed exceptions to the findings of fact and conclusions of law in ac-

cordance with section 93-5306, R.C.M. 1947. No action was taken by the court upon these exceptions and judgment was entered on October 20, 1959. From such judgment this appeal was taken on November 12, 1959. On November 18, 1959, there was filed in this cause what was denominated "Additional Findings."

This action was tried in Big Horn County and the district judge and counsel had their offices in Billings, Montana, and we were informed by counsel at the time of oral argument that it had been stipulated that the findings and judgment could be signed by the court in Yellowstone County. The exceptions to the findings of fact and conclusions of law were filed with the clerk of the district court in Big Horn County, and they were not brought to the attention of the judge until November 16, 1959, when the clerk forwarded to the judge a bill of exceptions to be settled in this cause. In preparing and filing additional findings, the court stated it was acting in accordance with the decision of this court in O'Keefe v. Routledge, 110 Mont. 138, 103 P.2d 307, 148 A.L.R. 409. The additional findings required no change in the judgment rendered and were made and filed by the court because of the exceptions theretofore filed.

By his specifications of error, appellant contends that the court erred (1) in failing to make findings and conclusions responsive to the issues; (2) in failing to act upon the exceptions filed; and (3) in assuming to have jurisdiction of a matter in the cause after the appeal had been perfected.

His argument is that the order of November 18, 1959, was made without jurisdiction, and that it recites and admits error by confessing that the exceptions were not brought to the attention of the court until after the judgment was entered and appeal taken; further, that the findings and conclusions were vacant in substance.

But one question requires answer to dispose of this cause.

That is, may the court amend its findings after an appeal has been taken?

"Whenever an appeal is perfected, as provided in the preceding sections of this chapter, it stays all further proceedings in the court below upon the judgment or order appealed from, or upon the matters embraced therein." R.C.M. 1947, § 93-8011.

This particular section of our code has been before this court many times, two of the more recent discussions will be found in Benolken v. Miracle, 128 Mont. 262, 273 P.2d 667, and Hansen v. Hansen, 129 Mont. 261, 284 P.2d 1007, and the cases cited therein. In view of what has been said in prior cases we are of the opinion that findings of fact and conclusions of law are within the phrase "or upon the matters embraced therein" appearing in section 93-8011, and therefore, upon an appeal being taken, jurisdiction thereof passed from the district court to the supreme court, subject however to the right of a district court to correct clerical errors.

The cause is remanded to the district court with directions to vacate the judgment, then to consider the exceptions to the findings of fact and conclusions of law filed by appellant herein, take such action thereon as may appear to the court to be necessary and proper, and thereafter to make, render, and cause to be entered its final judgment.

It is so ordered.

MR. JUSTICES ANGSTMAN, ADAIR, BOTTOMLY and CASTLES concur.