BRYANT DEVELOPMENT ASSOCIATION, APPELLANT, *v.* TED DAGEL ET AL., RESPONDENTS, *v.* RECTOR'S GARAGE, INC., RESPONDENT AND CROSS-APPELLANT, *v.* BRYANT DEVELOPMENT ASSOCIATION ET AL., CROSS-DEFENDANTS.

No. 12825.
Decided Sept. 19, 1974.
531 P.2d 1319.

See also, 166 Mont. 252, 531 P.2d 1320.

## ORDER

PER CURIAM:

On September 13, 1974, a motion was filed herein by Rector's

Garage, Inc., seeking a dismissal of this appeal with prejudice. The grounds of the motion are that the district court on August 15, 1974, ordered the appellant to file a bond in the sum of $10,000 within ten days, failing in which the appeal would be dismissed upon timely motion of either respondent, and the bond has not been filed.

Appellant filed objections to the motion, calling attention to the fact that the motion was based upon a district court order purportedly made pursuant to an order of this Court dated August 5, 1974, and that the district court lacked jurisdiction to make and enter such order.

It is apparent that the district court order has been entered in error. This case was appealed to this Court by the filing of a notice of appeal on July 25, 1974. On the same day appellant moved this Court for a stay of judgment pending appeal. This motion was set for adversary hearing for August 5, 1974, and our order was entered on the same day. Our order provided:

"The Court having considered the matter, IT IS ORDERED that a stay of proceedings upon appeal herein will be granted, conditioned on appellant filing a good and sufficient stay bond in the sum of $10,000.00, same to be approved by the District Judge."

 This order gave the district court authority to approve a stay bond if and when one should be filed. None has been filed. Under Section 93-8011, R.C.M.1947, we have previously held that jurisdiction passes from the district court to this Court upon service and filing of the notice of appeal. See Benolken v. Miracle, 128 Mont. 262, 273 P.2d 667; Polson v. Thomas, 138 Mont. 533, 357 P.2d 349. While this statute has been superceded by Rules 6 and 7 of the Montana Rules of Appellate Civil Procedure the former ruling still applies and

10

the district court was without jurisdiction to make and enter its order of August 15, 1974, and the same is hereby ordered vacated.

For these reasons the motion to dismiss is denied.