No. 14380

IN THE SUPREME COURT OF THE STATE OF MONTANA

1978

_____

STATE OF MONTANA, ex rel JOY V. KAASA,

Relator,

-vs-

DISTRICT COURT OF THE SEVENTEENTH JUDICIAL
DISTRICT, IN AND FOR THE COUNTY OF PHILLIPS,
AND THE HON. LEONARD H. LANGEN, PRESIDING JUDGE,

Respondent.

_____

ORIGINAL PROCEEDING:

Cousnel of Record:

 For Relator:

  Burns, Solem and MacKenzie, Chinook, Montana

_____

Submitted: June 29, 1978
Decided: JUL 2 0 1978

Filed: JUL 2 0 1978

Thomas J. Kearney
Clerk

Mr. Justice John C. Sheehy delivered the opinion of the Court.

This is an Application for Writ of Supervisory Control or other appropriate writ.

Relator, Joy V. Kaasa, is the petitioner for dissolution of marriage in civil cause no. 6228 in the District Court of the Seventeenth Judicial District, Phillips County. Her petition, with a request for division of the marital property, was heard November 5, 1976. After hearing, the District Court issued its Findings of Fact, Conclusions of Law and Judgment on February 28, 1978. Notice of appeal to this Court was filed by the husband, Osborne A. Kaasa, on March 30, 1978.

A copy of the Judgment appears in the record. By it, the marriage was dissolved and custody of a minor child was awarded to the mother for part of each year and to the husband for the remainder of each year; with the husband to pay the wife $75.00 for each month the child resides with her. With respect to the marital property, among other things, she is to receive $99,138.00 in value payable to her by delivering certain property to her at a decreed value and a balance of $67,656.00 to be paid to her over a period of 25 years computed on an amortized basis of 6% per annum, payments to be made annually beginning a year from the decree. She was also awarded attorney fees of $1,000.00. There are other provisions in the decree not important here.

After the notice of appeal was filed, the relator wife filed a motion in the District Court requesting an Order to Show Cause addressed to the husband concerning temporary maintenance, custody and attorney fees. A hearing was held on

April 20, 1978 and thereafter the Court indicated the findings it would enter in the cause, to be effective pending final determination on appeal. However, the District Court also indicated that it would not enter conclusions of law, or make a temporary order pending appeal, because of the District Court's interpretation that the filing of a notice of appeal had taken away its jurisdiction to enter such an order pending appeal. The provisions of the temporary findings which the District Court would enter on the hearing to show cause if it had jurisdiction would be in substantial variance from the provisions of the decree which is the subject of the husband's appeal.

The District Court recommended that the wife file an application in this Court for an order which would grant the relief found by the District Court, or else authorize the District Court to enter such a temporary order. Hence, the wife, as relator, comes before us for a writ of supervisory control or other appropriate writ, requesting the temporary relief suggested by the District Court, either by our order, or by authorizing the District Court so to order.

A decree of dissolution of marriage is final when entered, subject to the right of appeal. Section 48-328, R.C.M. 1947. The District Court has power to modify or terminate a decree for maintenance of support only under section 48-330, R.C.M. 1947. The District Court loses authority to modify its judgment or decree upon a notice of appeal being duly filed. Benolken v. Miracle, (1954) 128 Mont. 262, 266, 273 P.2d 667. Then all further proceedings in the District Court are stayed upon the judgment appealed from, or " * * * upon the matters embraced therein. * * *" Section 93-8011, R.C.M. 1947.

The District Court is not completely powerless, however. It has the power to enforce the judgment already entered by contempt proceedings, where no stay of judgment has been ordered. Kramer v. Kramer, (1978), _____ Mont. _____, 578 P.2d 317, 35 St.Rep. 635; Myhre v. Myhre, (1976) 170 Mont. 410, 548 P.2d 1395, 33 St.Rep. 598. It further has the statutory power, under section 48-327, R.C.M. 1947, to require the husband to pay reasonable sums to the wife for attorney fees and costs in maintaining or defending a proceeding, even "after entry of judgment." In the final analysis, it also has the power to order temporary support pending appeal for the wife and minor children.

This Court noted in Bordeaux v. Bordeaux, (1904) 29 Mont. 478, 482, 75 P. 359 that:

> "We are of the opinion that under the above-quoted provisions of the statute the district court had jurisdiction and power, notwithstanding the judgment, at any time prior to the determination of the action on appeal from the judgment, or prior to the expiration of the time of appeal, to require the husband to pay any money necessary to enable the wife to support herself and to further prosecute or defend the action. (Citing cases)."

The Court reached that conclusion in Bordeaux after analysis of statutes then in effect. Section 21-137, R.C.M. 1947 (then Section 191, Civil Code) provided for expenses of action and alimony pending the action. Section 91-8076, R.C.M. 1947, still in effect, says that an action is deemed to be pending "from the time of its commencement until its final determination upon appeal, or until the time for appeal has passed, unless the judgment be sooner satisfied." Therefore, regardless of the appeal taken by the husband Osborne A. Kaasa, the action for marital dissolution is still pending in the District Court. The Court concluded in Bordeaux that the

-4-

matter of temporary support and suit money, pending appeal, was not a matter "embraced" within the judgment, under section 93-8011, R.C.M. 1947, and therefore the District Court could award such temporary items even though an appeal is pending.

Further, in an earlier action between the same parties (Bordeaux v. Bordeaux, (1902) 26 Mont. 533, 69 P. 103) this Court decided that the Supreme Court had no power to grant temporary alimony or suit money, nor was such power necessary to the complete exercise of its appellate jurisdiction. We agree with what Mr. Justice Pigott wrote in that case about the effect of an appeal upon an action and its pendency in the District Court:

> "* * * The action-the entire case-is not transferred by appeal. Questions of law only are presented on appeal, even where the relief sought is equitable in character. The action itself is still pending in the lower court. On an appeal only questions of law are tried; * * *Except insofar as affected by the appeal, the cause remains in the district court, the primary forum. * * *" 26 Mont. at p. 536.

The District Court, by statute, may after judgment "proceed upon any other matter embraced in the action, and not affected by the order appealed from." Section 93-8011, R.C.M. 1947.

The Uniform Marriage and Divorce Act now in effect in Montana gives the District Court authority to provide temporary orders for support and maintenance to a spouse. Section 48-318, R.C.M. 1947. Nothing in that statute restricts the power of the District Court to orders made before judgment. In fact, it is specifically provided that the granting of such an order does not prejudice the rights of the parties at "subsequent hearings in the proceeding," which would include an appeal. Section 48-318(6)(a), R.C.M. 1947.

-5-

We hold therefore that a District Court has power to award necessary maintenance, child support and suit monies after judgment in a marital dissolution case, where an appeal is taken from the judgment, during the pendency of the appeal. To hold otherwise would leave a hiatus in the remedial power of the District Court that could cause unmeasured hardship and distress. Our holding is consonant with the purposes of the Uniform Marriage and Divorce Act, to "mitigate the potential harm to the spouses and their children caused by the process of legal dissolution of marriage." Section 48-302(4), R.C.M. 1947 (Emphasis supplied).

Since the wife has an adequate remedy in the District Court, her application for a writ is denied. Because we have not ordered an adversary hearing on her application, we have not had the benefit of briefs on this matter from the husband. Should he desire to contest what we have said here, he may appeal directly from any temporary order granted during appeal, or we will entertain the issue if raised in his briefs on his appeal from the dissolution decree.

_____
Justice

WE CONCUR:

_____
Chief Justice

_____

_____

_____
Justices

-6-