No. 80-268

IN THE SUPREME COURT OF THE STATE OF MONTANA

1980

WENDELL D. HADFORD,

                Plaintiff and Appellant,

    vs.

ELIZABETH M. HADFORD,

                Defendant and Respondent.

Appeal from: District Court of the Eighteenth Judicial District,
In and for the County of Gallatin
Hon. W. W. Lessley, Judge presiding.

Counsel of Record:

    For Appellant:

        Landoe, Brown, Planalp, Kommers and Lineberger,
        Bozeman, Montana

    For Respondent:

        Morrow, Sedivy, Olson and Scully, Bozeman, Montana

Submitted on briefs: August 7, 1980

Decided: AUG 27 1980

Filed: AUG 27 1980

_____
                Clerk

ORDER AND OPINION

Mr. Justice John C. Sheehy delivered the Order and Opinion of the Court.

Appellant Wendell D. Hadford applies to this Court for relief from an order of the District Court, dated July 23, 1980, requiring appellant to file in the District Court within five days of the order a supersedeas bond and also providing that if he failed to file the supersedeas bond, a motion to dismiss the appeal would be granted.

The original action is cause no. 21177, pending in the District Court of the Eighteenth District, for Gallatin County. Wendell D. Hadford, as plaintiff, was ordered in a judgment entered by the District Court on April 29, 1980, to execute a deed to the defendant, Elizabeth M. Hadford, to certain real property in Bozeman, Gallatin County, and a bill of sale for a laundromat situated in that city, to pay Elizabeth M. Hadford $3,554.44 for delinquent support payments for children, and to pay attorney fees. Wendell Hadford filed his notice of appeal on May 21, 1980. On July 9, 1980, Elizabeth Hadford moved to dismiss the appeal for the reason that Wendell had failed to file an undertaking or supersedeas bond in connection with his appeal. On July 17, 1980, an undertaking for costs of appeal was filed by Wendell but no supersedeas bond has been furnished by him.

Elizabeth filed her motion to dismiss the appeal because a supersedeas bond had not been filed nor had the deed been executed within the ten days required in the original District Court order. Wendell thereupon filed his objections to the motion to dismiss and applied to the District Court for a stay of judgment pursuant to the Rule 7(a), M.R.App.Civ.P.

It was after these motions that the District Court entered its order of July 23, 1980, requiring the appellant to file a supersedeas bond on the penalty of having his appeal to this Court dismissed after five days.

-2-

The single issue raised is whether the District Court has the power to dismiss the appeal because the appellant has not filed a supersedeas bond. Resolution of the issue requires an examination of the provisions of the Montana Rules of Appellate Civil Procedure respecting supersedeas bonds.

Under Rule 4(a), M.R.App.Civ.P., an appeal is taken by filing the notice of appeal in the District Court. It is further stated in that rule that the failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the Supreme Court deems appropriate, which may include dismissal of the appeal.

Under the Montana Rules of Appellate Civil Procedure, therefore, the only jurisdictional step required of an appellant to vest the Supreme Court with authority in the cause is the filing of the notice of appeal. By virtue of the same rule, the failure to take any other step in connection with the appeal, which would include the filing of a supersedeas bond, is subject only to such action as the Supreme Court may take. It is exclusively in the province of the Supreme Court under Rule 4(a), M.R.App.Civ.P., as to whether an appeal should be dismissed for failure to take additional steps, once jurisdiction of the Supreme Court is vested by the filing of the notice of the appeal.

In this case the District Court was operating under Rule 7, M.R.App.Civ.P. That rule generally relates to the powers of the District Court with respect to undertakings and supersedeas bonds after a judgment has been entered in the District Court. Generally speaking the rule provides that the District Court may grant an ex parte stay of execution

-3-

after the judgment is entered for such period of time and upon such conditions as the District Court deems proper. Once the service of the notice of appeal has been accomplished, then the District Court may on application of the appellant, order a stay of execution for a longer period, provided the appellant presents to the District Court a supersedeas bond conditioned upon satisfaction of a judgment or order in full, together with costs, interest and damages for delay, if for any reason the appeal is dismissed, or if the judgment or order of the District Court is affirmed.

Two other provisions of Rule 7(a), M.R.App.Civ.P., relate to the case here. Rule 7(a), also states that when the judgment is for the recovery of money not otherwise secured, the amount of the bond shall be fixed by the District Court at such sum as will cover the whole amount of the judgment remaining unsatisfied, costs on appeal, and interest and damages for delay, unless the District Court after hearing determines a different amount is proper. In addition, the rule provides that if the judgment determines the disposition of property, the amount of the supersedeas bond shall be fixed at such sum as will secure for the judgment holder, an amount for the use and detention of the property, costs of action, costs of appeal, interest and damages for delay.

Clearly under Rule 7, M.R.App.Civ.P., the District Court is given the power to stay the execution of a judgment entered in its court and has broad discretion in fixing the amount of supersedeas bond upon which the stay of execution may be conditioned. Just as clearly, however, the District Court has no authority to order the dismissal of an appeal, which authority is in the exclusive province of the Supreme Court. We held that a District Court could not dismiss an appeal for the failure to file a supersedeas bond in Bryant Development Association v. Dagel (1974), 166 Mont. 8, 531 P.2d 1319.

When the District Court provides for a supersedeas bond, and the supersedeas bond is not filed, then of course, there is no stay of execution, and there is available to the judgment holder all of his rights and remedies of attachment and execution for the purpose of securing satisfaction of the judgment. This is provided in Rule 64, M.R.Civ.P., which states:

"At the commencement of and during the course of an action, all remedies providing for seizure of person or property for the purpose of securing satisfaction of the judgment ultimately to be entered in the action are available under the circumstances and in the manner provided by law."

In addition, Rule 70, M.R.Civ.P., provides that if a judgment directs a party to execute a conveyance of land or to perform any other specific act, and the party fails to comply within the time specified, the District Court may direct the act to be done at the cost of the disobedient party by some other person appointed by the court, and the act when so done has like effect as if done by the parties. These remedies, of course, are available to the judgment holder where no supersedeas bond has been provided, and no stay of judgment exists.

That portion of the order of the District Court dated July 23, 1980, which states that, "failure to file the supersedeas bond shall result in the granting of the motion to dismiss" is hereby vacated. The remainder of such order shall be and remain in full force and effect. Neither party shall recover costs for this proceeding until the eventual disposition of the appeal.

The clerk of this Court shall cause a copy of this order and opinion to be mailed to the clerk of the District Court of the Eighteenth Judicial District in and for the County of Gallatin, in cause no. 21177, pending in that District Court.

-5-

DATED this 22nd day of August, 1980.

_____
                    Justice

We Concur:

_____
        Chief Justice

_____

_____

_____
              Justices

-6-