No. 80-93

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

GORDON R. JULIAN,

Plaintiff and Respondent,

-vs-

DEARL H. BUCKLEY, and BARBARA M.
BUCKLEY, husband and wife,

Defendants and Appellants.

Appeal from:  District Court of the Eighteenth Judicial District,
In and for the County of Gallatin, The Honorable
W. W. Lessley, Judge presiding.

Counsel of Record:

For Appellants:

William L. Pepper, Bozeman, Montana

For Respondent:

Phillip N. Carter, Bozeman, Montana

Submitted on Briefs:  November 26, 1980

Decided:  JAN 2 8 1981

Filed:  JAN 2 8 1981

Thomas J. Kearney
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

Plaintiff-respondent brought this action to recover damages for breach of contract. Following a nonjury trial, the District Court of the Eighteenth Judicial District, Gallatin County, entered judgment in favor of plaintiff. Defendants-appellants filed a motion for reconsideration and later a motion to alter and amend the judgment. They then filed a notice of appeal. Thereafter the District Court amended its findings of fact and conclusions of law on two separate occasions. Respondent filed a notice of appeal, and appellants filed a notice of cross-appeal.

In 1975 respondent, as buyer, and appellants, as sellers, entered into negotiations to purchase and sell a tract of land. These negotiations consummated into a contract in which appellants agreed to construct a roadway from the existing Bear Canyon Road to the east property line of the tract of land respondent was purchasing. The road was to be a minimum of twenty feet wide and be composed of a minimum of nine inches of pit run gravel, properly placed and compacted so that it could be used under all weather conditions. The road was to be completed by July 1, 1976.

During 1976 and 1978 appellants hired Kardash Construction to build the road. Appellants alleged that in 1976 six inches of shale material was placed on the road and an additional four inches of material was placed on the lower one-half to two-thirds of the road.

In 1978, after being reassured repeatedly by appellants that the road would be completed, respondent began construction of his home on the property. Respondent secured a construction loan of $54,500 from Bozeman Federal Credit

Union.  On May 17, 1978, respondent secured a commitment letter from Metropolitan Service Mortgage Corporation. Metropolitan agreed to loan respondent the sum of $54,500 at 9-3/4 percent interest, repayable on a monthly basis over thirty years.  This commitment was conditioned on the road being completed according to the specifications contained in the contract and legal access being obtained from the State of Montana.  This commitment expired November 17, 1978.

On February 1, 1979, respondent was required to loan to appellants $232 before they would agree to secure the easements from the State of Montana.

On April 5, 1979, another commitment letter was obtained from Metropolitan, in which Metropolitan again agreed to loan respondent $54,500.  This time, however, the only condition was that the road be completed according to the same specifications contained in the contract.  The legal access problem had been resolved when respondent loaned appellants the money so they, appellants, would purchase the easements from the State of Montana.  This commitment letter also provided that respondent would have to pay the current interest rate, 11-1/2 percent, and not 9-3/4 percent as agreed earlier.  This commitment letter expired October 5, 1979.

Appellants refused to complete construction of the road and respondent filed suit.  A nonjury trial was held on October 9, 1979.  On November 6, 1979, the District Court filed its findings of fact and conclusions of law in favor of respondent.  On November 8, 1979, judgment was signed. Also on November 8, 1979, appellants filed their motion for reconsideration and on November 9, 1979, filed their motion to alter or amend the judgment.  Both motions alleged the

judgment and findings did not conform to the evidence. On November 30, 1979, appellants filed their motion for a stay of execution. On December 3, 1979, a hearing was held in District Court on appellants' motion to alter or amend. On December 4, 1979, the District Court ordered appellants not to sell or in any way encumber their real property. On December 5, 1979, appellants filed their first notice of appeal. Thereafter, the following events occurred:

(1) December 6, 1979, respondent filed a petition to have the District Court appoint appraisers.

(2) December 10, 1979, the District Court amended its findings of fact and conclusions of law for the first time.

(3) December 13, 1979, the District Court ordered a stay of execution and awarded attorney fees to respondent.

(4) December 18, 1979, appellants filed their supplemental motion to alter or amend the findings of fact and conclusions of law to require respondent to use the damages awarded him to complete the road.

(5) January 14, 1980, the above motion was heard and the District Court ordered another hearing to be held on February 5, 1980.

(6) February 5, 1980, a hearing was held on above motions and the District Court gave both parties twenty days to submit briefs.

(7) February 26, 1980, the District Court amended its findings of fact and conclusions of law for the second time and ordered respondent to prepare a judgment.

(8) March 21, 1980, respondent filed his notice of appeal and thereafter appellants filed their notice of cross-appeal.

The first issue is whether the District Court had jurisdiction to amend its findings of fact and conclusions of law, make and enter orders affecting the rights of the parties, and amend its original judgment after December 5, 1979, the date on which appellants' first notice of appeal was filed.

Since 1954 it has been an established rule in Montana that when a notice of appeal has been filed, jurisdiction over the parties to the controversy and subject matter passes from the District Court and vests in the Supreme Court. It becomes the Supreme Court's duty to maintain the status quo of the parties until the controversy can be determined. Benolken v. Miracle (1954), 128 Mont. 262, 273 P.2d 667.

On November 8, 1979, appellants filed a motion for reconsideration requesting that the court amend its findings of fact and conclusions of law because the same did not conform to the evidence. This motion was noticed for hearing on December 3, 1979.

On November 9, 1979, appellants filed their motion to alter or amend the judgment because the same did not conform to the weight of the evidence presented at trial. This motion was also noticed for hearing on December 3, 1979.

Appellants' memorandum brief in support of their motion to alter or amend the judgment was not signed by appellants' attorney until November 30, 1979, and could not have been filed any earlier than that date.

A hearing on these motions was held on Monday, December 3, 1979. On Wednesday, December 5, 1979, and before the court could rule on appellants' motions, appellants filed their notice of appeal. Having done this, appellants stripped

the District Court of jurisdiction. The District Court was without authority and jurisdiction to make or enter any further order except in matters embraced in the action and not affected by the order appealed from. Benolken v. Miracle, supra.

In Bryant Development Association v. Dagel (1974), 166 Mont. 8, 531 P.2d 1319, this Court, in a per curiam order, stated:

> ". . . Under section 93-8011, R.C.M. 1947, we , have previously held that jurisdiction passes from the district court to this Court upon service and filing of the notice of appeal. See Benolken v. Miracle, 128 Mont. 262, 273 P.2d 667; Polson v. Thomas, 138 Mont. 533, 357 P.2d 349. While this statute has been superseded by Rules 6 and 7 of the Montana Rules of Appellate Civil Procedure the former ruling still applies and the district court was without jurisdiction to make and enter its order . . ." 513 P.2d at 1320.

At no time after appellants' notice of appeal was filed with the District Court was there a motion to dismiss the appeal or to withdraw the notice of appeal. When the District Court amended its findings of fact and conclusions of law on December 10, 1979, and again on February 26, 1980, it did so without the necessary jurisdiction. Therefore, these amendments are null and void, and the original judgment stands.

On a complete review of the record, we find that the original judgment awarding respondent damages of $34,068 is not justified. There is no basis or evidence in the record for such an amount. Respondent concedes this. The District Court attempted to correct these findings by the subsequent amended findings and judgment. Upon remand of the case, the District Court may properly evaluate the damages and amend its prior findings and judgment.

Appellants next argue that the interest damage award entered by the District Court in the original judgment is speculative and incapable of accurate and reasonable determination as a matter of law.

The District Court awarded interest damages for the difference between the interest paid over a thirty-year period on a 9-3/4 percent loan and interest paid over a thirty-year period on a 11-1/2 percent rate. Appellants contend that should interest rates drop below 11-1/2 percent, respondent could refinance his home at the lower rate and never incur this damage. Appellants claim this aspect of damages is speculative, remote and prospective in nature and respondent has not incurred a present injury. We disagree.

In Walton v. City of Bozeman (1978), ___ Mont. ____, 588 P.2d 518, this Court upheld the District Court's award of future or prospective damages:

> "'Prospective damages' are those which are reasonably certain to follow the state of facts on which plaintiff's suit is based; such damages have not yet accrued at the time of trial, but in the nature [of] things must certainly or most probably result from the state of facts found to be existing at the time of trial. See State Highway Board v. Coleman (1948), 77 Ga.App. 756, 50 S.E.2d 262.
>
> "Although speculative damages may not be recovered, reasonable certainty that future damages will occur will sustain an award for future damages. This test meets the statutory requirements that such must be reasonable. Section 17-607, R.C.M. 1947. See Cruse v. Clawson (1960), 137 Mont. 439, 352 P.2d 989." Walton, 588 P.2d at 522.

In the present case the amount of damages is not speculative but rather can be determined. Respondent cannot be expected to sue appellants every time the interest rate changes. There is sufficient certainty in the record to make a damage award, after discounting the amount properly.

We will not here discuss the amount and the accuracy of the amount awarded. On remand the District Court will be allowed to amend its findings of fact, conclusions of law and judgment in determining the interest damage amount, discounting properly and awarding such amount.

Finally, appellants argue that the award of reasonable attorney fees in the original judgment was error because the District Court failed to allow a hearing on the matter. Only in a subsequent hearing, after the original judgment was entered, was there an opportunity to address that issue and to determine an exact amount.

Upon remand the District Court shall also enter a proper amended finding of fact, conclusion of law and judgment regarding the amount of attorney fees based on findings it made on subsequent hearings. Attorney fees should be awarded to the prevailing party in this litigation up to the time of the original judgment and notice of appeal. However, all costs and attorney fees incurred subsequent to the time of filing of the notice of appeal shall be paid by each party. Any subsequent costs and attorney fees from the issuance of this opinion shall be determined by the District Court in accordance with the law.

The cause is remanded to the District Court for further proceedings consistent with this opinion.

_____
                                   Justice

We concur:

_____
     Chief Justice

_____

_____

_____
     Justices

-8-

This cause was submitted prior to January 5, 1981.