No. 03-254

IN THE SUPREME COURT OF THE STATE OF MONTANA

2003 MT 217N

IN RE MARRIAGE OF:

MARK J. STONEMAN,

Petitioner and Respondent,

and

RUTH L. DROLLINGER,

Respondent and Appellant.

APPEAL FROM:     District Court of the Eighteenth Judicial District,
In and for the County of Gallatin, Cause No. DR 90-502
The Honorable Mark L. Guenther, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Ruth L. Drollinger, Olympia, Washington (*pro se*)

For Respondent:

(No Respondent's brief filed)

Submitted on Briefs:  August 14, 2003

Decided:  August 21, 2003

Filed:

_____
Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Ruth L. Drollinger (Drollinger) appeals, *pro se*, from the order of the Eighteenth Judicial District Court denying her motion to change venue. We affirm.

## BACKGROUND

¶3 This case presents another procedural snarl in the contentious dissolution proceedings of Mark J. Stoneman (Stoneman) and Drollinger. To resolve the present appeal, we must discuss two prior appeals involving these parties that were pending before this Court at the time the District Court dismissed Drollinger's motion for change of venue.

¶4 In October 2001, Drollinger appealed the District Court's refusal to decline to exercise jurisdiction over child custody issues, pursuant to the requirements of the Uniform Child Custody and Jurisdiction Enforcement Act (UCCJEA), § 40-7-108. MCA. The appeal was assigned Cause No. 01-739 and scheduled for oral argument on October 15, 2002.

¶5 Before the UCCJEA appeal was heard, Drollinger filed another notice of appeal, *pro se*, on August 21, 2002. While not delineating a specific order or judgment from which she appealed, Drollinger asserted the District Court denied her right to due process by refusing

2

to conduct a fair hearing in a competent manner; denying her the right to provide evidence, witnesses and testimony in defense of her case; sentencing her to a three-day jail term for contempt; appointing Stoneman's mother as permanent supervisor of Stoneman's visitation with the parties' four minor children; ordering visitation at Stoneman's mother's home in Livingston; disregarding the guardian *ad litem's* report and recommendations; and allowing a delay in contempt proceedings against Stoneman for non-payment of some $10,000 in child support arrearage. This second appeal was assigned Cause No. 02-558.

¶6 Three months later, on November 4, 2002, Drollinger filed a motion, *pro se*, with this Court requesting a stay for Cause No. 02-558 pending the outcome of her appeal in Cause No. 01-739. That same day, Drollinger also filed, *pro se*, motions to change venue and to proceed *in forma pauperis* with this Court. On November 14, 2002, we entered an order denying all three of Drollinger's motions. We denied the motion for a stay on the grounds that the issues raised by Cause No. 02-558 differed from the jurisdictional child custody issues raised by Cause No. 01-739. We dismissed the motion to proceed *in forma pauperis* without prejudice and denied the motion to change venue on the grounds that both motions were not filed in the proper court. Specifically, we advised Drollinger that while this Court may review the appeal of a district court's order changing or refusing to change the place of trial, we had no authority to order an original change of venue if the motion had not been first ruled upon by the trial court, citing §§ 25-4-101, 25-2-201, and 25-2-113, MCA.

¶7 According to the docket of the Clerk of this Court, Drollinger called the Clerk on November 25, 2002, and advised that she was filing her motion to change venue and motion

3

to stay her appeal of Cause No. 02-558 with the District Court. Apparently Drollinger did precisely that on December 23, 2002.

¶8 Hearing nothing further from Drollinger with respect to the prosecution of her *pro se* appeal of Cause No. 02-558, this Court entered an order on January 23, 2003, which advised Drollinger that as long as the appeal was pending, the District Court would not have jurisdiction to consider her motion to change venue, *Bryant Development Ass'n. v. Dagel* (1974), 166 Mont. 8, 9, 531 P.2d 1319, 1320; *Benolken v. Miracle* (1954), 128 Mont. 262, 273 P.2d 664, 670. We stated that while the District Court was the proper court to dispose of Drollinger's motions in Cause No. 02-558 in the first place, the filing of her notice of appeal foreclosed the trial court's ability to hear these motions. As a consequence, Cause No. 02-558 was left in the procedural posture where the appeal was ready to be briefed before this Court. We advised Drollinger that if matters still needed to be litigated in the District Court, she should seek dismissal of her appeal. We granted Drollinger 30 days to file her opening brief in Cause No. 02-558 or, alternatively, to seek dismissal of the appeal. We cautioned Drollinger that by failing to pursue either alternative she might be sanctioned by dismissal of the appeal.

¶9 Drollinger responded by filing a motion to dismiss and an affidavit alleging facts to disqualify the sitting District Court judge. We responded with an order on March 4, 2003, that again recounted the procedural history of the appeal of Cause No. 02-558. We refused to revisit the issues decided in our November 14, 2002 order and rejected Drollinger's attempt to disqualify the District Court judge by reason that her motion was time-barred

4

under § 3-1-805(a), MCA. Again, we cautioned Drollinger that if this Court granted her motion to dismiss, her opportunity to appeal the underlying decisions by the trial court may well be lost forever. With that admonishment, we again granted Drollinger 30 days to file her opening brief in Cause No. 02-558. We noted that the appeal would be dismissed with prejudice for failure to prosecute if Drollinger did not file a timely brief.

¶10 On April 14, 2003, Drollinger filed a non-substantive response, stating that she had no choice but to allow the Court to dismiss her appeal. On April 15, 2003, we entered an order dismissing Cause No. 02-558 with prejudice to the merits.

¶11 As noted above, on December 23, 2002, Drollinger filed a motion with the District Court requesting a change of venue "on the remaining issues of [the] case." Drollinger contended that change of venue was necessary to promote the ends of justice and to counter "extraordinary examples of bias in this case." Drollinger contended that the trial judges of the Eighteenth, Sixth, Fifth, Third, and Second Judicial Districts had conflicts of interest and that she had been unable to obtain a fair hearing. In support of her motion Drollinger attached a brief and other documents. Stoneman did not respond.

¶12 On February 10, 2003, the District Court denied the motion on the grounds that the court lacked jurisdiction to consider change of venue. On March 17, 2003, Drollinger filed her notice of appeal and, subsequently, filed an opening brief on May 30, 2003. While Stoneman did not file a response brief, Drollinger nevertheless filed a reply brief on July 10, 2003.

## DISCUSSION

5

¶13 The issue on appeal is whether the District Court properly dismissed Drollinger's motion for change of venue and stay of her appeal on February 10, 2003, for lack of jurisdiction. Our standard of review of a motion to decline jurisdiction is whether the district court abused its discretion. *Stoneman v. Drollinger*, 2003 MT 25, ¶ 10, 314 Mont. 139, ¶ 10, 64 P.3d 7, ¶ 10.

¶14 Once a cause is appealed to this Court, the trial court loses jurisdiction. The rule is stated in *Marriage of Dreesbach* (1994), 265 Mont. 216, 228-29, 875 P.2d 1018, 1025-26, as follows:

> When, as here, a notice of appeal has been filed, the long-established rule in Montana is that jurisdiction passes from the district court and vests with this Court. *Powers Mfg. Co. v. Leon Jacobs Ent.* (1985), 216 Mont. 407, 411, 701 P.2d 1377, 1380 (citation omitted). Some exceptions exist, however. *See, e.g., Churchill v. Holly Sugar Corp.* (1981), 192 Mont. 533, 536, 629 P.2d 758, 760 (court retains jurisdiction over ancillary matters); *Northern Plains Resource Council v. Board of Health and Environmental Sciences* (1979), 184 Mont. 466, 472, 603 P.2d 684, 688 (court can correct clerical errors); *State ex rel. Kaasa v. District Court* (1978), 177 Mont. 547, 551, 582 P.2d 772, 775 (court can award necessary maintenance, child support and suit monies after judgment has been entered in a dissolution proceeding pending appeal).

¶15 At the time Drollinger filed her December 23, 2002 motion for change of venue in District Court Cause No. DR 90-502, that case was already pending on appeal before this Court as Cause No. 02-558. Accordingly, as stated in the District Court's February 10, 2003 order, the court lacked jurisdiction to rule upon the motion. Therefore, we conclude that the District Court did not abuse its discretion and, in fact, was legally correct to decline to exercise jurisdiction. We affirm the District Court's February 10, 2003 order.

¶16 Affirmed.

/S/ JAMES C. NELSON

We Concur:

/S/ KARLA M. GRAY
/S/ W. WILLIAM LEAPHART
/S/ JOHN WARNER
/S/ JIM RICE