No. 14537

IN THE SUPREME COURT OF THE STATE OF MONTANA

1979

_____

NORTHERN PLAINS RESOURCE COUNCIL,

Petitioner and Appellant,

-vs-

BOARD OF HEALTH AND ENVIRONMENTAL SCIENCES
FOR THE STATE OF MONTANA, et al.,

Respondents and Respondents.

_____

Appeal from: District Court of the First Judicial District,
Honorable Robert Holter, Judge presiding.

Counsel of Record:

For Appellant:

Graybill, Ostrem, Warner & Crotty, Great Falls, Montana
James A. Patten argued, Billings, Montana

For Respondents:

John L. Peterson argued, Butte, Montana
Sandra Muckelston, Helena, Montana
John W. Ross and Robert Robert Gannon, Butte, Montana
W. H. Bellingham, Billings, Montana

_____

Submitted: September 21, 1979

Decided: DEC -6 1979

Filed: DEC -6 1979

Thomas J. Kearney
Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

This appeal is from an order of the District Court of the First Judicial District dismissing a petition for judicial review of a decision of the Montana Board of Health and Environmental Sciences.

On January 20, 1978, the Montana Department of Health and Environmental Sciences (the Department) issued to a consortium of northwest electric utility companies, a permit to construct two 700 megawatt electric power generating stations in Colstrip, Rosebud County, Montana. Pursuant to the provisions of section 69-3911, R.C.M. 1947, the petitioner herein requested a hearing before the Montana Board of Health and Environmental Sciences (the Board) on the Department's decision to issue the construction permit. The requested hearing was held on March 11, and on April 28 the Board affirmed the Department's decision to issue the permit.

On May 30, the petitioner filed a petition for judicial review in the District Court of the First Judicial District. The respondent Board replied by a motion to dismiss on June 20; because the motion was not supported by brief, it was denied. Subsequently, the Board responded by answer on July 20. On July 27, the respondent utilities replied with a motion to dismiss or for a change of venue. The Department did not respond.

The basis of respondents' contention of lack of subject matter jurisdiction is section 69-3917(4)(a), R.C.M. 1947, which provides that appeals of decisions pursuant to the Clean Air Act of Montana be filed in the District Court for the Judicial District in which the affected property is

located.  In the present suit, respondents contend the affected property is located in Colstrip, Rosebud County, Montana.  Thus, respondent utilities assert the proper court in which to petition for judicial review is the District Court for the Sixteenth Judicial District in the County of Rosebud.  Further, respondent utilities assert that section 69-3917(4)(a) is a jurisdictional provision, and, therefore, the District Court for the First Judicial District lacks subject matter jurisdiction.

Respondent utilities' motion was supported by memorandum.  Petitioner responded on August 1 with a memorandum in opposition to the motion.  On August 24, respondent utilities requested a hearing on the motion to dismiss.

On September 1, without holding the hearing as requested, the court granted the motion to dismiss.  The court held that section 69-3917(4)(a) was a jurisdictional provision and, therefore, the District Court of the Sixteenth Judicial District was the only District Court in the state to have jurisdiction to hear the suit.

On September 18, petitioner moved the court to vacate its September 1 order and to set aside the judgment, or, in the alternative, to hold a hearing on the motion to dismiss. A hearing on petitioner's September 18 motion was noticed for September 28.  On September 21, petitioner filed a notice of appeal to this Court of the District Court's September 1 order.  On September 28, 1978, a hearing was held on petitioner's motion to vacate.  At that hearing the District Court asserted that because a notice of appeal to the Supreme Court had been filed, it no longer had the authority to rule on petitioner's September 18 motion to vacate.

-3-

Petitioner argued that under Rule 59, M.R.Civ.P., the court had continuing jurisdiction to rule on petitioner's motion to vacate. The court did not agree, and the hearing was concluded.

Another notice of appeal was filed by petitioner on October 6, 1978, "from an Order Dismissing Cause signed in the above-entitled cause on September 1, 1978, and all orders and rulings in support thereof, including Order Denying Motion to Vacate, Set Aside or Hold Hearing."

After having sought judicial review on May 30, 1978, on respondent Board's decision, petitioner on July 13, 1978, filed before the respondent Board of Health an "Amendment to Petition For a Rehearing of Northern Plains Resource Council's Objections to the Permit to Construct, No. 1187, dated January 20, 1978." That amendment recited a new matter which had not been considered at all by respondent Board before April 28, 1978--namely, the denial by the United States Environmental Protection Agency on June 12, 1978, of a preconstruction permit under regulations known as Prevention of Significant Deterioration (40 C.F.R. 52.21 et seq.) to construct Colstrip Units 3 and 4. That amended petition for rehearing was denied and petitioner filed another "Petition for Judicial Review" of respondent Board's decision of April 28, 1978, but this time in the Sixteenth Judicial District of the State of Montana, County of Rosebud.

The petition recites in Paragraph 1 the fact of the April 28, 1978, permit order by the respondent Board and recites that "on October 21, 1978, the Board of Health and Environmental Sciences denied Petitioner's Amended Petition for Rehearing. This appeal is from that decision, pursuant to statute, and taken pursuant to the provisions of the

Statute for Judicial Review." Then, except for the allegations of jurisdiction, petitioner recites almost verbatim, paragraph by paragraph and word for word, the allegations of the basis of the appeal, which are identical to those alleged in the petition for judicial review filed May 30, 1978, in the First Judicial District. The case in Rosebud County is presently pending and ready for a determination on a number of procedural and jurisdictional matters. It is clear, however, both appeals are identical, except that the allegation for jurisdiction is different in Rosebud County, where petitioner now alleges that the District Court of Rosebud County has jurisdiction because such county is the situs of the affected property--namely, Colstrip Units 3 and 4 electric generating plants.

There have been four issues presented to this Court for review:

1. Whether the District Court of the First Judicial District had jurisdiction to hear and decide petitioner's appeal filed under section 75-2-411, MCA (formerly section 69-3917(3) through (5), R.C.M. 1947), from a decision of the Board of Health and Environmental Sciences dated April 28, 1978, affirming the granting of a Clean Air Act permit to respondent utilities to construct two coal-fired electronic generating plants (Colstrip Units 3 and 4) in Rosebud County, Montana?

2. Whether the trial court properly dismissed the petition upon motion of respondent without first holding the requested preliminary hearing?

3. Whether the District Court properly ruled that petitioner's notice of appeal to the Supreme Court of Montana divested the District Court of jurisdiction to hear and

decide petitioner's motion to vacate order and set aside judgment or, in the alternative, for a hearing?

4. Whether this appeal is moot by reason of petitioner's having filed a petition for judicial review in the District Court of the Sixteenth Judicial District of the State of Montana, in the County of Rosebud, seeking a determination of the same issues as those sought to be reviewed in the District Court of the First Judicial District in the County of Lewis and Clark from which the present appeal was taken?

Article VII, Section 4(2), 1972 Mont. Const., provides, ". . . [t]he legislature _may_ provide for direct review by the district court of decisions of administrative agencies."

The right of judicial review of decisions of administrative agencies may be denied or restricted by the legislature to particular courts:

> "The right and power to review action of an administrative agency exists in some courts even in the absence of express provisions of statutes relating to administrative agencies, and some such provisions have been held not to deprive a court of its jurisdiction; _but, as administrative law has developed, the manner and extent of judicial review of action of administrative agencies and the courts having jurisdiction thereof are usually provided by statutes governing the particular agency_, and often by general review or administrative procedure acts. . ." 2 Am.Jur.2d Administrative Law §732, p. 632. (Emphasis supplied.)

The Montana Board of Health is granted authority under section 75-2-211, MCA, of the Montana Clean Air Act to issue preconstruction permits. After final decision by the Board of Health, judicial appeal is permitted by section 75-2-411(3)(a), MCA, which provides:

> "Within 30 days after the application for rehearing is denied or, if the application is granted, within 30 days after the decision on the rehearing, a _party aggrieved thereby may appeal to the district court of the judicial district of the state which is the situs of property affected by the order_." (Emphasis supplied.)

-6-

As argued by petitioner, the Montana Administrative Procedures Act (MAPA) provides generally for judicial review. Section 2-4-702, MCA. However, the provisions of subsection 2(a) of the Act excludes any possible conflict as follows:

". . . <u>Except</u> <u>as</u> <u>otherwise</u> <u>provided</u> <u>by</u> <u>statute</u>, the petition shall be filed in the district court for the county where the petitioner resides or has his principal place of business or where the agency maintains its principal office . . ." (Emphasis supplied.)

Arguments to the contrary, it would seem that petitioner has conceded section 75-2-411, MCA, to be the proper statute and the Sixteenth Judicial District the proper forum upon the filing of the second appeal for review in Rosebud County. Paragraph 6 of petitioner's petition for judicial review filed in said county pleads in part:

"6. Pursuant to the provisions of Section 69-3917 [now section 75-2-411, MCA] of the Clean Air Act of Montana venue and jurisdiction for judicial review is in the District Court for the county which is the situs of the affected property; that the affected property, Colstrip Units 3 and 4, are to be situated in the town of Colstrip, County of Rosebud, State of Montana."

To have complied with the Clean Air Act, section 75-2-411, MCA, the present petition on appeal could only have been filed and determined in Rosebud County of the Sixteenth Judicial District.

Oral arguments and briefs notwithstanding, it is difficult to understand any legal theory that would support the filing of the present appeal before the proceedings in the District Court had been concluded. The complaint by petitioner that time was very short is not well taken in view of the fact that a state agency was involved and Rule 5, M.R.App.Civ.P., allows 60 days from September 1, 1978, to file a notice of appeal. In addition, a Rule 59 motion to

alter or amend the judgment timely filed in the District Court would have suspended the time for filing the notice of appeal as to all parties. The argument that after a proper appeal is taken the District Court may still retain jurisdiction of the cause and continue to hear and rule on pending matters is not the law in Montana. There is no need to burden this opinion with argument, but we merely point out that this Court has been consistent in its rulings that upon a proper appeal being taken, jurisdiction of the cause passes from the District Court to the Supreme Court, subject, however, to the right of the District Court to correct clerical errors. See McCormick v. McCormick (1975), 168 Mont. 136, 138, 541 P.2d 765, and the cases cited therein.

The remaining matter to consider concerns the affect of the filing of the petition for judicial review in the District Court of the Sixteenth Judicial District, seeking a review of issues identical to those sought to be reviewed in the District Court of the First Judicial District, from which the appeal before this Court was taken. Petitioner has made clear to this Court that the relief requested is a reversal of the District Court's decision so as to permit venue to be directed by this Court to the Sixteenth Judicial District in Rosebud County. Petitioner does not contend that it is entitled to a review on the merits in the First Judicial District. Consequently, petitioner has previously received all the relief it now requests from this Court, which has rendered the questions before this Court moot, and we will not pass on moot questions. See Adkins v. City of Livingston (1948), 121 Mont. 528, 532, 194 P.2d 238.

For the reasons enumerated, this appeal is dismissed.

_____
Justice

-8-

We concur:

_John Conway Harrison_

_Daniel J. Lee_
Justices

Honorable John M. McCarvel, District Judge, sitting in place of
Mr. Chief Justice Frank I. Haswell

Honorable Joseph B. Gary, District
Judge, sitting in place of Mr.
Justice John C. Sheehy