No. 80-274

IN THE SUPREME COURT OF THE STATE OF MONTANA

1980

JOY CHURCHHILL,

Claimant and Respondent,

-vs-

HOLLY SUGAR CORPORATION,

Defendant and Appellant.

Appeal from: Workers' Compensation Court, The Honorable William E. Hunt, Judge presiding.

Counsel of Record:

For Appellant:

Habedank, Cumming & Best, Sidney, Montana

For Respondent:

Neil S. Keefer, Billings, Montana

Submitted on Briefs: November 26, 1980

Decided: June 1, 1981

Filed: JUN 2 1981

Thomas J. Kearney
Clerk

Mr. Justice Daniel J. Shea delivered the Opinion of the Court.

The employer, Holly Sugar Corporation, appeals from an order of the Workers' Compensation Court determining that Joy Churchill was permanently totally disabled. The Court directed the employer to reinstate the claimant's compensation benefits retroactive to when the employer cut them off, assessed the employer with a penalty, and ordered the employer to pay attorney fees to claimant's attorney. The court also ordered claimant to seek vocational rehabilitation.

The employer raises several issues, and although we don't discuss them, the claim that the Workers' Compensation Court filed supplementary findings of fact and conclusions of law with this Court after the notice of appeal was filed, is dispositive of this appeal. In addition to this issue, the employer contends that the claimant frustrated its attempts at discovery and therefore the order reinstating benefits should be rescinded. The employer further contends that there was insufficient evidence in the record for a determination that the claimant was permanently totally disabled.

Claimant fell and injured her back on November 7, 1977, while stacking 60 pound sugar bags at the Holly Sugar factory in Sidney. She worked several more shifts but was forced to quit because the pain became unbearable. She immediately filed a claim for benefits with her employer and she started receiving weekly compensation benefits of $103.34.

Over the next year and a half, claimant visited many doctors. The general diagnosis was that she suffered from a lower back injury, but no doctor was able to determine the specific nature of her injury. Exercise was the treatment prescribed, and she was also temporarily fitted with a back brace. In November 1978, claimant complained to Dr. Dorr, a

-2-

Billings neurologist, that the pain was still severe. Dr.
Dorr filed a report in November that medically nothing could
be done to help claimant, but he recommended that she avoid
any work that required heavy lifting. He also estimated she
suffered a five percent permanent physical impairment because
of her injury.

Claimant insisted she was in constant pain and unable
to return to work and the employer sent her to the Missoula
Pain Clinic in July 1979. Over a period of a week, she was
extensively examined by several specialists. The clinic
submitted a report to the employer that she was hypersensitive
and grossly exaggerating her pain, possibly in an attempt to
remain on compensation. The report also claimed that the
claimant appeared to be strongly influenced by her husband,
who had suffered a back injury several years earlier, and
was still receiving weekly compensation after being classified
as permanently totally disabled.

The employer then reviewed the claimant's file, and on
the basis of the report from the Missoula Pain Clinic, the
employer notified claimant that her compensation would be
cut off as of September 4, 1979.

Several months later claimant employed a Billings
attorney to represent her. The attorney contacted the
employer and the employer responded with an offer to settle
based on a five percent permanent partial disability rating.
Claimant refused the offer and filed a petition for relief
before the Workers' Compensation Court.

Before a hearing was held on the claimant's petition,
the employer tried unsuccessfully to get answers to inter-
rogatories sent to claimant, and the employer also tried
unsuccessfully to set up a time to take the claimant's
deposition. Both attempts at discovery were thwarted by

claimant and her attorney. The employer made timely motions to compel claimant to answer the interrogatories and to postpone the hearing until her deposition was taken. The hearing was set for May 6 and the employer again renewed these discovery motions. The court agreed that claimant's attorney had failed to cooperate with the employer's discovery efforts, but held that any information the employer would need could be obtained during the questioning at trial.

When the hearing ended, the court directed claimant's attorney to prepare an order to reinstate the claimant's compensation benefits. Before doing this, the court entered no findings or conclusions. On May 12, the court signed the order reinstating the claimant's benefits and also imposing the statutory penalty and assessing attorney fees against the employer. This order also included no findings or conclusions.

The employer then petitioned the court for a rehearing of the case, claiming that not only was the employer denied effective discovery, but also without findings of fact, it was impossible to determine the basis for the court's ruling, and therefore it was impossible to prepare an effective challenge to the ruling. In response to this petition, the court heard oral arguments on July 1, 1980. The court agreed that findings of fact were probably required, but once again failed to make any. The petition for a rehearing was denied on the same date, July 1, 1980.

Notice of appeal to this Court from Workers' Compensation Court must be filed within 30 days or this Court is without jurisdiction to hear the appeal. /Rule 5, M.R.App. Section 39-71-2904, MCA; Civ.P. The employer filed its notice of appeal on July 28, 28 days from the date the petition for rehearing was denied. Seven days after the notice of appeal was filed,

-4-

the court entered findings of fact and conclusions of law in support of its original order reinstating benefits and denying the petition for a rehearing. The employer argues, and we agree, that we cannot consider these supplemental findings entered after the notice of appeal was filed.

Except for ancilliary matters, once a notice of appeal is filed with this Court, the trial court loses jurisdiction. Northern Plains, Etc. v. Bd. of H. and Envir. Sciences (1979), ____ Mont. ___, 603 P.2d 684, 36 St.Rep. 2174; Polson v. Thomas (1960), 138 Mont. 533, 357 P.2d 349. This Court has not before ruled on the question of whether a trial court can file supplemental findings after a notice of appeal has been filed. We take this occasion, however, to say that we will not permit this practice.

The New Mexico Supreme Court holds that any findings or conclusions entered by the trial court after notice of appeal has been filed, must be disregarded--the trial court has lost jurisdiction once the notice of appeal has been filed. Davis v. Westland Development Company (1970), 81 N.M. 296, 466 P.2d 862. The Georgia Supreme Court, on the other hand, permits such supplemental findings if the absence of such findings would not require a reversal but simply a remand for entry of the findings. Jacobs Pharmacy Co. v. Richard & Associates, Inc. (1972), 229 Ga. 156, 189 S.E.2d 853. The theory is that remanding for entry of findings only delays the final decision in the case and the appellate court might as well accept the entry of the supplemental findings. We conclude, however, that better judicial administration is furthered if the trial courts are required to complete their decisions on the merits before a notice of appeal is filed. It is unfair to the appealing party to permit the trial court to clean up the evidentiary and legal record after the notice of appeal has been filed.

Here, the trial court was put on notice from the very inception, that its order reinstating benefits, etc. was unsupported by findings. Nonetheless, the court continued to ignore the request of the employer to enter findings and conclusions. It was only after the notice of appeal had been filed, that the court must have recognized its findings were deficient and could not therefore support its decision. This is not a situation where the trial court ruled and the employer immediately appealed so that the trial court had no opportunity to enter findings and conclusions. Rather, the employer waited 28 days after the ruling before it filed its notice of appeal, and it was required to do this because if an appeal had not been filed within 30 days, this Court would be without jurisdiction to hear the appeal.

Claimant argues that findings and conclusions were not needed here because the court had merely entered an interim order. But the order reinstated the claimant to benefits, determined that she was permanently totally disabled, and ordered that the employer pay a penalty and attorney fees. If the employer did not appeal from this order, it would have to abide by it. The claimant surely does not claim that the employer had no right to appeal from this order. If the order was appealable, then proper findings and conclusions must be entered in support of the order.

Rather than remanding for entry of proper findings and conclusions, the interests of justice demand here that the court hold a new hearing on the issues. Although no clear demonstration of prejudice is shown by the employer on its claim that the claimant and her attorney thwarted its discovery efforts, the court below determined that claimant and her attorney had been totally uncooperative. Discovery is a

-6-

two-way street and here, claimant should not be able to benefit by her efforts to deny discovery to the employer.

The order of the Workers' Compensation Court is vacated, with directions that it hold a new hearing on the merits of the issues raised and that it enforce discovery against both the employer and the claimant.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

This cause was submitted prior to January 5, 1981.

-7-