No. 86-524

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

_____

IN THE MATTER OF THE ADOPTION OF
        S.T.V.

_____

APPEAL FROM:  District Court of the Fourth Judicial District,
              In and for the County of Missoula,
              The Honorable Douglas G. Harkin, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

                Larrivee Law Offices; Noel K. Larrivee, Missoula,
                Montana

        For Respondent:

                Terry Wallace, Missoula, Montana

_____

                        Submitted on Briefs: Feb. 5, 1987

                            Decided:   March 4, 1987

Filed: MAR 4 - 1987

                    _Ethel M. Harrison_
                                Clerk

Mr. Justice Frank B. Morrison, Jr. delivered the Opinion of the Court.

The District Court of the Fourth Judicial District denied T.R.P.'s petition to adopt the natural child of his wife. T.R.P. appeals.

S.T.V. is the natural daughter of N.V. (father) and E.P. (mother). They were divorced in 1975 when S.T.V. was approximately 18 months old. The mother was granted custody, with reasonable rights of visitation awarded to the father. The father was ordered to pay $50 a month child support. No monetary child support has ever been paid. The father owed over $6,000 in child support at the time of the hearing.

The mother subsequently married appellant, T.R.P. Appellant wishes to adopt S.T.V. in order to ensure the child's future financial security. Specifically, appellant and the mother each testified that the petition to adopt was motivated by their desire to guarantee that if "something happened to [appellant]," the mother would receive social security benefits on behalf of S.T.V., and if the mother died, appellant would be able to raise S.T.V.

In addition, both the mother and appellant testified that S.T.V.'s relationship with the natural father was very good, "cordial, warm, affectionate." The mother also related that she had no intention of altering the natural father's visitation rights should the petition to adopt be granted.

S.T.V., who was fourteen at the time, testified pursuant to § 40-8-113, MCA, that she consented to the adoption.

At the close of the hearing on September 8, 1986, the trial judge issued his ruling from the bench:

> . . . My view of this case is that there's a two-step approach that must be made. First step is to determine whether or not, in this case, the father was able but did not pay child support. I find that he was able and that he did not pay child

> support during the one year preceding the filing of the petition.
>
> The second step is for the Court to determine what's in the best interest of the child. Therein lies the most troubling aspect of this case. There's been no showing by the Petitioner . . . that the visitation with the father is harmful to [S.T.V.]. In fact, the mother wants this visitation to continue. Unfortunately, the law does not provide for continued visitation in the event that the petition for adoption is granted.. . .

Tr. p. 101, ln. 17-25; p. 102, ln. 1-5.

The trial judge thereafter discussed the reasons why the petition to adopt was filed. He concluded that potential social security benefits are not sufficient reason for depriving a parent of parental rights. Further, concerns regarding the care of S.T.V. in the event of her mother's death are remedied by § 40-4-221, MCA, which provides that appellant could petition for custody at that time. The judge then concluded that the petition to adopt was not in S.T.V.'s best interests.

T.R.P. filed a notice of appeal ten days later, September 18, 1986. That same day, the trial judge filed his written findings of fact, conclusions of law and order denying the petition to adopt. The trial judge expounded on his reasons for denying the petition:

> Because of the ongoing beneficial, loving, strong relationship between [S.T.V.] and her natural father, her best interests are served by continuing the parent-child relationship between them.

Conclusion of law no. 5.

The timing of the notice of appeal vis-à-vis the written order raises a question as to whether the trial judge had jurisdiction to enter his order. "Except for ancillary matters, once a notice of appeal is filed with this Court,

3

the trial court loses jurisdiction." Churchhill v. Holly Sugar Corporation (Mont. 1981), 629 P.2d 758, 760, 38 St.Rep. 860, 862, citing Northern Plains Resource Council v. Board of Health and Environmental Sciences (1979), 184 Mont. 466, 603 P.2d 684. In Churchhill, supra, this Court held that the lower court lacked jurisdiction to file supplementary findings of fact and conclusions of law seven days after a notice of appeal was filed as "[i]t is unfair to the appealing party to permit the trial court to clean up the evidentiary and legal record after the notice of appeal has been filed." 629 P.2d at 760, 38 St.Rep. at 863. However, in this instance the documents were filed on the same day. There was no time for the trial judge to "clean up the evidentiary and legal record." In fact, the written order reflected the oral order almost exactly.

No time of filing is indicated, but the judge's findings, conclusions and order are placed ahead of the notice of appeal in the District Court file. We engage the presumption that things which are to be done are done, § 1-3-220, MCA, and proceed under the assumption that the trial judge's order was entered prior to the filing of the notice of appeal.

We must next consider whether the trial judge abused his discretion in considering the best interests of S.T.V. after determining that her natural father's consent for the adoption was not required. We find no abuse of discretion.

Appellant's assertion that an adoption petition should be granted immediately upon determination that the natural father's consent is not required has no basis in law. It focuses solely upon the father's failure to provide financial support and disregards completely the needs of the child. The child's best interest is one of the most important factors to be considered in determining whether a petition to

adopt should be granted. Section 40-8-124(6), MCA. Once the statutory requirements for consent to an adoption are met (§ 40-8-111, MCA), the best interests of the child becomes the paramount consideration. In the Matter of the Adoption of Smigaj (1977), 171 Mont. 537, 560 P.2d 141.

The trial judge acted properly in considering the best interests of S.T.V. His determination that S.T.V.'s interests would be best served by continuing regular contact with her natural father is completely supported by the evidence.

Affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

5

Mr. Justice John C. Harrison, dissenting.

There is an old saying in the law that bad facts make bad law. In my opinion, in this case, good facts have made bad law. We have here a young lady over the age of ten, who has given her personal consent to be adopted by her step-father, and would benefit from his estate. He has given her love and affection far in excess of that she has received from her natural father, yet is denied the final step of having her step-father be declared her father. To me, this is a clear abuse of discretion on the part of the District Court, in view of the good facts of the case.

Following a divorce from the natural father, S.T.V.'s mother remarried when S.T.V. was approximately eighteen months old. The mother was awarded custody, with reasonable visitation rights granted to the natural father. S.T.V.'s natural father was ordered to pay $50 per month child support commencing in 1975. No monetary support has ever been paid. At the time of the petition to adopt, the father owed over $6,000 in child support. The mother, in spite of never receiving any support monies from the father, has allowed the relationship with the child and the natural father to develop into one which is "cordial, warm, [and] affectionate." The mother testified she had no intention of altering that relationship, or the natural father's visitation rights, if the petition to adopt was granted. Because she is far more tolerant than most ex-wifes, both she and S.T.V., in my opinion, are being penalized by the decision of the District Court in not allowing the adoption.

The District Court Judge in discussing the reasons why the petition should be denied, concluded that the potential social security benefits of the adoptive father are not sufficient reason for depriving the natural father of his

6

parental rights. In addition, the mother testified she wanted her present husband to care for S.T.V. in the event of her death. In the District Court's opinion, should this occur, the remedy is found in § 40-4-221, MCA, which allows the appellant to petition for custody at that time. The District Court Judge concluded, that the petition was not in S.T.V.'s best interest.

In my opinion, if ever a case cried out for a reversal, this case does. First, the child has consented, § 40-8-113, MCA. Second, the very fact that the natural father has not, for over ten years, although able to do so, paid one dime of support money to the child, deprives him of any legal right to protest the adoption. Section 40-8-111(a)(v), MCA. Third, S.T.V. should have a right to inherit from her adoptive father, the evidence clearly showing that she would inherit nothing from her natural father. Finally, it would be in her best interest, should there be an emergency in which the mother could not make a decision and the natural father not available, that her step-father should have the legal authority of her father to step in and make a decision as her father. These facts are not sufficient to support a finding it would be in the child's best interest not to be adopted by appellant.

In my opinion, S.T.V.'s best interests are served by the "natural mother's desire to obtain the petitioner's social security benefits in the event of his decline in health." This is a sufficient cause to terminate the respondent's parental rights with the daughter, particularly in view of the fact there is absolutely no indication that the natural father has any desire to give the child anything but his "affection." The natural father appears to be that kind of parent who "seeks the benefits of parental rights but shuns the burden of parental obligations." We have held that

7

the statute cannot be interpreted in favor of a parent who has done what the father has done in this case. Matter of S.L.R. (1982), 196 Mont. 411, 640 P.2d 886.

I would remand this case to the District Court to grant the petition for adoption.

John Conway Harrison.
Justice

Mr. Justice John C. Sheehy joins in the foregoing dissent of Mr. Justice John C. Harrison.

John C. Sheehy
Justice

8