*19 MR. JUSTICE MORRISON
delivered the Opinion of the Court.
The District Court of the Fourth Judicial District denied T.R.P.’s petition to adopt the natural child of his wife. T.R.P. appeals.
S.T.V. is the natural daughter of N.V. (father) and E.P. (mother). They were divorced in 1975 when S.T.V. was approximately 18 months old. The mother was granted custody, with reasonable rights of visitation awarded to the father. The father was ordered to pay $50 a month child support. No monetary child support has ever been paid. The father owed over $6,000 in child support at the time of the hearing.
The mother subsequently married appellant, T.R.P. Appellant wishes to adopt S.T.V. in order to ensure the child’s future financial security. Specifically, appellant and the mother each testified that the petition to adopt was motivated by their desire to guarantee that if “something happened to [appellant],” the mother would receive social security benefits on behalf of S.T.V., and if the mother died, appellant would be able to raise S.T.V.
In addition, both the mother and appellant testified that S.T.V.’s relationship with the natural father was very good, “cordial, warm, affectionate.” The mother also related that she had no intention of altering the natural father’s visitation rights should the petition to adopt be granted.
S.T.V., who was fourteen at the time, testified pursuant to Section 40-8-113, MCA, that she consented to the adoption.
At the close of the hearing on September 8, 1986, the trial judge issued his ruling from the bench:
“. . . My view of this case is that there’s a two-step approach that must be made. First step is to determine whether or not, in this case, the father was able but did not pay child support. I find that he was able and that he did not pay child support during the one year preceding the filing of the petition.
“The second step is for the Court to determine what’s in the best interest of the child. Therein lies the most troubling aspect of this case. There’s been no showing by the Petitioner . . . that the visitation with the father is harmful to [S.T.V.]. In fact, the mother wants this visitation to continue. Unfortunately, the law does not provide for continued visitation in the event that the petition for adoption is granted . . . .”
Tr. p. 101, In. 17-25; p. 102, In. 1-5.
The trial judge thereafter discussed the reasons why the petition to *20 adopt was filed. He concluded that potential social security benefits are not sufficient reason for depriving a parent of parental rights. Further, concerns regarding the care of S.T.V. in the event of her mother’s death are remedied by Section 40-4-221, MCA, which provides that appellant could petition for custody at that time. The judge then concluded that the petition to adopt was not in S.T.V.’s best interests.
T.R.P. filed a notice of appeal ten days later, September 18, 1986. That same day, the trial judge filed his written findings of fact, conclusions of law and order denying the petition to adopt. The trial judge expounded on his reasons for denying the petition:
“Because of the ongoing beneficial, loving, strong relationship between [S.T.V.] and her natural father, her best interests are served by continuing the parent-child relationship between them.” Conclusion of law No. 5.
The timing of the notice of appeal vis-a-vis the written order raises a question as to whether the trial judge had jurisdiction to enter his order. “Except for ancillary matters, once a notice of appeal is filed with this Court,the trial court loses jurisdiction.” Churchhill v. Holly Sugar Corporation (Mont. 1981), 629 P.2d 758, 760, 38 St.Rep. 860, 862, citing Northern Plains Resource Council v. Board of Health and Environmental Sciences (1979), 184 Mont. 466, 603 P.2d 684. In Churchhill, supra, this Court held that the lower court lacked jurisdiction to file supplementary findings of fact and conclusions of law seven days after a notice of appeal was filed as “[i]t is unfair to the appealing party to permit the trial court to clean up the evidentiary and legal record after the notice of appeal has been filed.” 629 P.2d at 760, 38 St.Rep. at 863. However, in this instance the documents were filed on the same day. There was no time for the trial judge to “clean up the evidentiary and legal record.” In fact, the written order reflected the oral order almost exactly.
No time of filing is indicated, but the judge’s findings, conclusions and order are placed ahead of the notice of appeal in the District Court file. We engage the presumption that things which are to be done are done, Section 1-3-220, MCA, and proceed under the assumption that the trial judge’s order was entered prior to the filing of the notice of appeal.
We must next consider whether the trial judge abused his discretion in considering the best interests of S.T.V. after determining that her natural father’s consent for the adoption was not required. We find no abuse of discretion.
*21 Appellant’s assertion that an adoption petition should be granted immediately upon determination that the natural father’s consent is not required has no basis in law. It focuses solely upon the father’s failure to provide financial support and disregards completely the needs of the child. The child’s best interest is one of the most important factors to be considered in determining whether a petition to adopt should be granted. Section 40-8-124(6), MCA. Once the statutory requirements for consent to an adoption are met (Section 40-8-111, MCA), the best interests of the child becomes the paramount consideration. In the Matter of the Adoption of Smigaj (1977), 171 Mont. 537, 560 P.2d 141.
The trial judge acted properly in considering the best interests of S.T.V. His determination that S.T.V.’s interests would be best served by continuing regular contact with her natural father is completely supported by the evidence.
Affirmed.
MR. CHIEF JUSTICE TURNAGE and MR. JUSTICES WEBER, GULBRANDSON and HUNT concur.