No. 12617

IN THE SUPREME COURT OF THE STATE OF MONTANA

1974

-----

IN THE MATTER OF THE ADOPTION
OF DWAYNE BIERY, A MINOR CHILD

-----

Appeal from: District Court of the Sixteenth Judicial District,
Honorable Alfred B. Coate, Judge presiding.

Counsel of Record:

For Appellant:

Kelly and Carr, Miles City, Montana
Patrick J. Kelly argued, Miles City, Montana

For Respondent:

William F. Meisburger, County Attorney, argued,
Forsyth, Montana

-----

Submitted: April 23, 1974

Decided:

Filed: JUN 3 1974

_Thomas J. Kearney_
Clerk

Mr. Justice Frank I. Haswell delivered the Opinion of the Court.

This is an appeal by the natural mother of a minor child from an order of the district court of Rosebud county declaring that her minor child remain in the custody of and be adopted by the petitioners.

The mother, Mayleen (Biery) Anderson, and Criss Harold Biery were married on December 4, 1966. Todd Dwayne Biery was born as lawful issue of said marriage. The father and mother were divorced on September 4, 1968. Under the terms of the divorce decree, the father was awarded custody of the minor child with reasonable visitation rights in the mother. On February 25, 1969, the mother sought to have the decree of divorce modified to enable her to have the custody of said child. That petition was denied and custody remained with the father.

The father maintained custody of the child in the home of his sister and brother-in-law, Katherine Berdahl and Benny O. Berdahl, the petitioners and respondents herein, until the accidental death of the father, Criss Harold Biery, on February 20, 1973.

A week later the respondents petitioned the district court of Rosebud County for temporary custody of the minor child and further petitioned the court for adoption. An order to show cause why custody should not be granted to the petitioners was issued to the mother, Mayleen (Biery) Anderson. Subsequently a hearing thereon was held on March 5, 1973, and on April 23, 1973, a trial was had on the respondent's petition to adopt.

- 2 -

The district court ordered both petitioners' and the natural mother's homes to be investigated by the welfare department. Both homes were found suitable by the welfare department and notice of this was made in the court's findings of fact and conclusions of law. The district court also made findings of fact:

> "VI. That Respondent, although denied custody of this child on two occasions by this Court, has subsequently married; lives in Grand Forks, North Dakota; desires to obtain custody of said child; has a suitable home for the raising of the child; and is joined in her request by her present husband.
>
> "* * *
>
> "VIII. That Respondent has testified that her life style has changed; that she now is mature enough to raise the child; that such testimony is supported by an expert witness and is in no way contradicted by evidence produced by Petitioners.
>
> "IX. That said child has benefited from the stable home, of petitioners, which he has been living in for the past four and one-half years."

and conclusions of law:

> "VII. That it would be for the best interests of the child, Todd Dwayne Biery, to remain in the custody of, and be adopted by the petitioners."

The district court directed that a final decree of adoption be entered which was done on September 4, 1973.

The mother now appeals from the order of the district court granting permanent custody and adoption to petitioners.

Two issues are presented for review:

(1) Did the district court abuse its discretion in awarding permanent custody to respondents?

(2) Did the district court err in granting respondents' petition to adopt?

- 3 -

Directing our attention to the first issue, we note that this Court has consistently looked to the best interests of the child in determining custody. McCullough v. McCullough, 159 Mont. 419, 498 P.2d 1189; Simon v. Simon, 154 Mont. 193, 461 P.2d 851; Haynes v. Fillner, 106 Mont. 59, 75 P.2d 802. In awarding the custody of a minor, section 91-4515(1) specifically provides that the court is to be guided:

> "By what appears to be for the best interests of the child in respect to its temporal and its mental and moral welfare * * *."

The parent's right to the custody of her minor child is not an absolute one, even though it be conceded that she is a fit and proper person. In all such cases the crucial factor is the child's welfare, both material and psychological, considering in particular the ties of affection the child has formed and the consequences of breaking those ties. It is apparent that the district court took into consideration the fact that the child had lived with the petitioners the past four and one-half years, and that he had adapted to those surroundings. To remove the child from familiar surroundings might cause emotional disorientation in addition to that already caused by the death of his father. It is clear from the record that the relationship between petitioners and the child is extremely close. For these reasons the district court concluded that it would be in the child's best interests to remain with petitioners.

What is, or what is not in the best interests of the child depends upon the facts and circumstances of each case.

The responsibility of deciding custody is a delicate one which is lodged with the district court. The judge hearing oral testimony in such a controversy has a superior advantage in determining the same, and his decision ought not to be disturbed except upon a clear showing of abuse of discretion. McCullough v. McCullough, 159 Mont. 49, 498 P.2d 1189; Anderson v. Anderson, 145 Mont. 244, 400 P.2d 632.

We find substantial credible evidence supporting the decision here and accordingly no abuse of discretion in awarding custody to petitioners. Thus we affirm that part of the district court's order.

The second issue presented for review presents a more difficult problem. The laws of Montana relating to the adoption of a minor child are found in section 61-201, et seq., R.C.M. 1947. Of particular importance to this issue is section 61-205, R.C.M. 1947, requiring consent of a natural parent of a child sought to be adopted unless one of the exceptions set forth in this statute is met. The exceptions excusing consent are set out with particularity:

> "An adoption of a child may be decreed when there have been filed written consents to adoption executed by:
>
> "(1) Both parents, if living, or the surviving parent, of a legitimate child; provided, that consent shall not be required from a father or mother,
>
> "(a) adjudged guilty by a court of competent jurisdiction of physical cruelty toward said child; or,
>
> "(b) adjudged to be a habitual drunkard; or,

"(c) who has been judicially deprived of the custody of the child on account of cruelty or neglect toward the child; or,

"(d) who has, in the state of Montana, or in any other state of the United States, willfully abandoned such child; or

"(e) who has caused the child to be maintained by any public or private children's institution, charitable agency, or any licensed adoption agency, or the state department of public welfare of the state of Montana for a period of one (1) year without contributing to the support of said child during said period, if able; or,

"(f) if it is proven to the satisfaction of the court that said father or mother, if able, has not contributed to the support of said child during a period of one (1) year before the filing of a petition for adoption; or (an adoption of a child may be decreed when there have been filed written consents to adoption executed by).

"(2) The mother, alone, if the child is illegitimate; or

"(3) The legal guardian of the person of the child if both parents are dead or if the rights of the parents have been terminated by judicial proceedings and such guardian has authority by order of the court appointing him to consent to the adoption; or

"(4) The executive head of an agency if the child has been relinquished for adoption to such agency or if the rights of the parents have been judicially terminated, or if both parents are dead, and custody of the child has been legally vested in such agency with authority to consent to adoption of the child; or,

"(5) Any person having legal custody of a child by court order if the parental rights of the parents have been judicially terminated, but in such case the court having jurisdiction of the custody of the child must consent to adoption, and a certified copy of its order shall be attached to the petition.

"The consents required by paragraphs (1) and (2) shall be acknowledged before an officer authorized to take acknowledgments, or witnessed by a representative of the state department of public welfare or of an agency or witnessed by a representative of the court." (Emphasis added.)

- 6 -

Petitioners concede that the district court made no finding that Mayleen Anderson, the surviving parent came within any of the exceptions cited in the statute. Nor did she consent to the adoption. They contend, however, that there is testimony that the only support received for the child came from his father and from the respondents, thus coming under the exception of subsection (1)(f) of section 61-205, R.C.M. 1947. They argue that several jurisdictions have decided cases which indicate that the parents' consent to adoption is not required where they have failed to contribute to the support of the child, during a period of one year before the filing of a petition for adoption, regardless of whether there was a court order compelling them to do so. Adoption of a Minor, 357 Mass. 490, 258 N.E.2d 567; In re Adoption of Sargent, 57 Ohio Op.2d 135, 272 N.E.2d 206.

While the best interests of the child are of utmost concern in both custody and adoption cases we have required strict compliance with section 61-205, R.C.M. 1947, because of the harshness of permanently terminating parental rights.

Although there is testimony in the record that the child was supported during the preceeding four year period by the father and petitioners, there is no evidence that the mother was _able_ and failed to give support during this same period. Subsection (1)(f) of section 61-205, R.C.M. 1947, requires that it be proven:

> "* * * to the satisfaction of the court that said father or mother, _if able_, has not contributed to the support of said child during a period of one (1) year before the filing of a petition for adoption * * *." (Emphasis added.)

- 7 -

This the petitioners failed to do. Nor did the district court make any findings to support petitioners argument. Absent a finding bringing the mother within one of the exceptions, consent is required.

For these reasons we affirm the custody award, but vacate the adoption order without prejudice.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

- 8 -