MR. JUSTICE HASWELL,
(dissenting):
I dissent. In my view the adoption decree is void. The natural mother was not given notice of the adoption proceeding and afforded an opportunity to be heard. Instead her parental rights were permanently and irrevocably terminated without an opportunity to resist.
The issue on appeal is not res judicata. The prior case, Application of Conley v. Walden, 166 Mont. 369, 533 P.2d 955, 958, was a custody case, not an adoption proceeding. The issue there was the right to custody of the minor children, not the right to adopt them. The opinion of this Court in that prior case expressly points this out at page 958 of 533 P.2d:
*63 “Respondent argues that this is a habeas corpus proceeding and appellants are attempting to use habeas corpus to collaterally attack the adoption decree. We agree and will treat the matter as it was brought by appellants, as one of habeas corpus seeking the custody of the children.”
Lacking an identity of issues, the principle of res judicata is inapplicable.
The issue on appeal in this case is one of jurisdiction. Here the Court granted the adoption and permanently terminated the parental rights of the natural mother without notice. This cannot be done. As stated by a prominent authority:
“The clearest justification for setting an adoption aside at the instance of a natural parent is that the parent was not given notice of the adoption proceeding. * * *.” Clark, Law of Domestic Relations, § 18.10, p. 668.
In accord: Armstrong v. Manzo, 380 U.S. 545, 85 S.Ct. 1187, 14 L.Ed.2d 62; Leonard v. Leonard, 88 Idaho 485, 401 P.2d 541.
Respondent claims that the consent of the natural mother is not required in this case under section 61-205, R.C.M.1947, and consequently notice of the adoption proceeding need not be given her under section 61-211, R.C.M.1947. In any view there is a substantial question concerning whether the natural mother falls under one of the statute’s exceptions. Here she was deprived of an opportunity to show that she did not fall within one of the statutory exceptions by failure to give her notice of the adoption proceeding.
As we said in In re Adoption of Biery, 164 Mont. 353, 359, 522 P.2d 1377, 1380:
“While the best interests of the child are of utmost concern in both custody and adoption cases we have required strict compliance with section 61-205, R.C.M.1947, because of the harshness of permanently terminating parental rights.”
I see no reason to abandon this salutary principle in this case. Whatever the ultimate merits of the case may be, they cannot satisfy jurisdictional requirements.