No. 13466

IN THE SUPREME COURT OF THE STATE OF MONTANA

1977

IN THE MATTER OF THE ADOPTION
OF JAMIE LYNN SMIGAJ, a minor.

Appeal from: District Court of the First Judicial District,
Honorable Gordon Bennett, Judge presiding.

Counsel of Record:

For Appellant:

Leaphart Law Firm, Helena, Montana
W. William Leaphart argued, Helena, Montana
Victor H. Fall, Helena, Montana
James M. Driscoll appeared, Helena, Montana

For Respondent:

Russell LaVigne argued, Helena, Montana

Submitted: January 20, 1977

Decided: FEB 7 1977

Filed: FEB 7 1977

Thomas J. Kearney
                                    Clerk

Mr. Justice Frank I. Haswell delivered the Opinion of the Court.

A stepfather of a seven year old female child appeals from an order dismissing his petition for adoption entered by the district court of Lewis and Clark County, Honorable Gordon R. Bennett, district judge, sitting without a jury.

The case comes to us on the basis of an agreed statement of fact in lieu of a record on appeal pursuant to Rule 9(d), M.R.App.Civ.P. The agreed facts indicate that the child, Jamie Lynn Smigaj, was adopted when she was one year old by James E. Smigaj and Alberta Smigaj, husband and wife. Subsequently James Smigaj became totally disabled and as a consequence thereof, Jamie Lynn receives monthly Social Security benefits of $154. On February 16, 1973, James E. Smigaj and Alberta Smigaj were divorced. Custody of Jamie Lynn was awarded to Alberta with reasonable rights of visitation granted to James Smigaj. The judge, upon considering James' disability, did not order him to pay child support.

On September 3, 1974, Alberta married Douglas J. Rushford and ever since they have been husband and wife, residing together with Jamie Lynn.

On April 20, 1976, Rushford petitioned the district court for permission to adopt Jamie Lynn without the consent of the child's prior adoptive father, James Smigaj.

On June 24, 1976, a hearing was held in the district court at which time James Smigaj appeared with counsel but did not testify. Alberta testified, among other things, that for more than one year prior to the petition for adoption by Rushford, James Smigaj had not visited with or seen Jamie Lynn nor had Jamie Lynn received any letters, post cards, presents, clothing or money from James Smigaj.

At the conclusion of the testimony in support of the

- 2 -

petition for adoption, Judge Bennett dismissed the case for the reason that Rushford had failed to prove that James Smigaj was able to financially contribute to the support of Jamie Lynn as required by section 61-205, R.C.M. 1947, and thus the adoption could not proceed without the consent of James Smigaj.

Two issues are presented for review:

(1) Did the district court err in not considering the child's welfare the paramount consideration?

(2) Is section 61-205(1)(f) limited to "financial support"?

The first issue has previously been decided by this Court adversely to appellant's position. In re Adoption of Biery (1974), 164 Mont. 353, 359, 522 P.2d 1377. Statutory consent requirements in adoption cases must first be met after which the welfare of the child becomes paramount. As stated in Biery:

> "While the best interests of the child are of utmost concern in both custody and adoption cases we have required strict compliance with section 61-205, R.C.M. 1947, because of the harshness of permanently terminating parental rights."

Thus in adoption cases the initial threshhold requirement is statutory compliance. The district court was correct in dismissing the petition for adoption on finding that statutory consent requirements had not been met.

Directing our attention to the second issue, appellant argues that the term "support" contained in section 61-205(1)(f), R.C.M. 1947, does not refer exclusively to financial support but includes moral support, psychological support, spiritual support and so forth. Rushford urges that "support" includes the parental obligations to express love and concern for the child and to give the child social and religious guidance as set forth in Application of Conley v. Walden (1975), 166 Mont. 369, 533 P.2d 955. In this regard Rushford relies on Alberta's testimony that James Smigaj did not visit Jamie and did not send her any letters,

post cards, presents, clothing or money.

Section 61-205(1)(f) states in pertinent part that the father's consent to the adoption is not required:

> "if it is proven to the satisfaction of the court that said father or mother, if able, has not contributed to the support of said child during a period of one (1) year before the filing of a petition for adoption * * *." (Emphasis added.)

Although we have not been referred to any case specifically construing the meaning of the term "support" in section 61-205(1)(f), we have no difficulty in construing the plain meaning of the words in the context of the consent statute as referring to the "financial support" that a parent owes a child. Rushford's petition for adoption alleged that James Smigaj, " * * * although financially capable, has not contributed to the support of said child * * *". The parties briefed the question of financial support. The parties themselves interpreted the statute to mean "financial support". The legislative intent is clear from the language used in the context of the statute and we are not permitted to apply extrinsic rules of construction to expand the definition. Keller v. Smith, (1976), ____Mont.____, 553 P.2d 1002, 33 St.Rep. 828; Dunphy v. Anaconda Co. (1968), 151 Mont. 76, 438 P.2d 660, and cases cited therein.

It appears that Rushford is actually attempting to argue that James Smigaj has abandoned Jamie Lynn and therefore his consent is not required under section 61-205(1)(d), R.C.M. 1947. If such is the case, the petition for adoption should be drafted on this basis and a hearing held thereon to determine whether the facts bring the petition within this statute. The decision herein is without prejudice to refiling the petition on this basis.

The order of the district court dismissing the petition is affirmed.

_____
Justice

- 4 -

We concur:

_____
Chief Justice

_____

_____

_____
Justices