No. 13537

IN THE SUPREME COURT OF THE STATE OF MONTANA

1977

---

IN THE MATTER OF THE ADOPTION OF
WAYNE GERALD CHALLEEN and MICHAEL
SHANE CHALLEEN, minors.

---

Appeal from:   District Court of the Second Judicial District,
               Honorable Arnold Olsen, Judge presiding.

Counsel of Record:

    For Appellant:

        Ferguson and Berry, Missoula, Montana
        Jeannette Ellen Berry argued, Missoula, Montana

    For Respondent:

        Nadine D.Scott argued, Butte, Montana

---

Submitted:  April 13, 1977

Decided: MAY 2 1977

Filed:   MAY 2 1977

Thomas J. Kearney
                                            Clerk

Mr. Chief Justice Paul G. Hatfield delivered the Opinion of the Court.

The natural father appeals from an order of the second judicial district of the State of Montana, in and for the County of Silver Bow, allowing the adoption of his two minor sons, Wayne Gerald Challeen, age 7, and Michael Shane Challeen, age 6, without his consent.

These children were born in Butte, Montana, an issue of the marriage of Nancy Mae Challeen and appellant, Wayne Lawrence Challeen. Upon their divorce on November 24, 1971, the mother was awarded custody of the children, and appellant was ordered to pay $100 per month as child support. It is agreed by all parties that appellant has never paid any child support since the date of this divorce.

As far as the record shows, appellant was not permanently employed from 1971 until 1974. After an operation for the removal of his eye, appellant ceased to attend the Butte Vocational Technical Center, whereupon his G.I.Bill terminated. From 1971 until June, 1974, appellant was unemployed for a majority of the time, interspersed with short term jobs. During this period appellant lived with friends and relatives. In June, 1974, appellant was charged with aggravated assault stemming from an incident where he threatened his ex-wife with a gun. Appellant spent three months in the county jail before obtaining bond. Thereafter, he attended school until he was convicted and sentenced to the state prison on the aggravated charge. He remained in prison, earning from twenty to sixty cents per day, until February, 1976. At this time, appellant used his remaining G.I. Bill to attend the University of Montana. He admits that he was financially able to pay the child support during the spring of 1976, and had intended to. However, he claims he did not know how to accomplish this in light of his parole conditions requiring him

to avoid going to Butte without permission and to avoid contact with his ex-wife and children except through legal channels. Appellant's G.I. Bill terminated at the end of spring quarter, 1976, and from that time on he has been unemployed.

Nancy Mae and Jeffrey Pankovich, the respondents, were married in 1973, and since have resided in Butte. The children have lived with and have been supported by them throughout this entire period. After receiving appellant's offer of child support, respondents filed their petition for adoption on May 28, 1976, whereupon a hearing was held June 25, 1976. Thereafter the district court entered the decree of adoption on August 10, 1976, finding that appellant had not contributed to the support of the children for more than five years and that the children's best interests would be served by adoption by Jeffrey Pankovich.

Appellant contends that respondents did not meet their burden of proving that appellant's consent was not required under section 61-205, R.C.M. 1947. We agree.

As recently held in Matter of Adoption of Smigaj, ____ Mont.____, 560 P.2d 141, 34 St.Rep. 16 (1977), the statutory requirements concerning consent must first be met before the welfare of the child becomes paramount. In Smigaj at p. 143, citing Adoption of Biery, 164 Mont. 353, 359, 522 P.2d 1377 (1974), we stated:

> "While the best interests of the child are of utmost concern in both custody and adoption cases we have required strict compliance with section 61-205, R.C.M. 1947, because of the harshness of permanently terminating parental rights."

The statutory exception relied upon by respondents, section 61-205(1)(f), R.C.M. 1947, states that the father's consent to the adoption is not required:

> "if it is proven to the satisfaction of the court that said father or mother, if able, has not contributed to the support of said

child during a period of one (1) year before the filing of a petition for adoption * * *". (Emphasis supplied.)

The burden on the petitioners for adoption under this section is to prove that the parent was _able_ and failed to give support during this period. In re Adoption of Biery, supra, 359. This respondents failed to do. They did show that appellant failed to contribute support for more than five years, but they did not show that he had the ability to provide support. Nor did the district court make such a finding to support respondents' argument.

As in _Smigaj_ it appears that respondents were attempting to argue that appellant had abandoned his children, and therefore, his consent was not required under section 61-205(1)(d), R.C.M. 1947. If such is the case, the petition for adoption can be amended on this basis and a hearing held thereon to determine if the statutory requirements are met. For these reasons the cause is reversed and remanded without prejudice to refiling or amendment of the petition for adoption.

_____
                    Chief Justice

We concur:

_____

_____

_____

_____
    Justices

- 4 -