No. 83-431

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

IN THE MATTER OF THE ADOPTION OF

C.F.B., JR., a minor.

APPEAL FROM: District Court of the Eighth Judicial District,
In and for the County of Cascade,
The Honorable John M. McCarvel, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

J. V. Barron, Great Falls, Montana

For Respondent:

Brett Asselstine, Great Falls, Montana

Submitted on briefs: November 3, 1983

Decided: March 29, 1984

Filed: MAR 29 1984

Clerk

Mr. Justice L.C. Gulbrandson delivered the Opinion of the Court.

The natural father, C.F.B., Sr., appeals the Cascade County District Court's termination of his parental rights to C.F.B., Jr., a minor. We affirm.

The natural mother and C.F.B., Sr., the natural father, were married in Great Falls, Montana, in 1977. One child, a son, was born as issue of the marriage. The marriage was dissolved on October 4, 1979. The natural mother was awarded custody of the minor child and the natural father was ordered to pay $100 per month for his support plus dental, hospital, optical and medical bills for the child.

The natural mother married J.F.B., the adoptive father, on December 21, 1980. The adoptive father filed a petition to adopt C.F.B., Jr., on July 8, 1983. The petition alleged that the natural father had not contributed to the support of the child during the previous three years and was $4,200 in arrears in support payments.

On July 10, 1983, the adoptive father filed a petition to terminate the parental rights of the natural father pursuant to Section 40-8-111(1)(a)(v), MCA which provides that consent for adoption is not required from the natural father if he does not contribute to the support of the child during a period of one year before the filing of the petition for adoption.

The natural father made a support payment of $100 to the Clerk of Court on July 8, 1983, the same date the adoptive father filed a petition for the adoption of the

-2-

child. He also made a $150 payment on July 26, 1983, and a $100 payment on August 16, 1983. The record indicates no other support payments were made.

A hearing on the motion to terminate the natural father's parental rights was held on August 22, 1983. The District Court found that the natural father was able to pay child support but failed to do so during the period of three years and nine months prior to the filing of the petition for adoption and his consent to the adoption was not required under the provisions of Section 40-8-111(1)(a)(v), MCA. Hence, the District Court ordered that the natural father's parental rights be terminated.

The natural father then applied to the District Court for a stay of execution of its order terminating his parental rights pending this appeal. The District Court granted the application and the natural father brings this appeal raising one issue for our consideration: Was there sufficient evidence to support a finding that the requirements of Section 40-8-111(1)(a)(v), MCA, were satisfied, thus terminating the parental rights of appellant?

Appellant contends that there is insufficient evidence that he did not contribute to his son's support during the year preceding the filing of the petition for adoption. Appellant bases his assertion on the fact that he made a $100 payment to the Clerk of Court on the day the petition was filed and respondent has failed to carry his burden of proof that appellant has not contributed to the support of the child during the year preceding the filing of the petition.

-3-

Section 40-8-111(1)(a)(v), MCA, provides:

> "(1) An adoption of a child may be decreed when there have been filed written consents to adoption executed by:
>
> "(a) both parents, if living, or the surviving parent of a child, provided that consent is not required from a father or mother:
>
> " . . .
>
> "(v) if it is proven to the satisfaction of the court that the father or mother, if able, has not contributed to the support of the child during a period of 1 year before the filing of a petition for adoption;"

Thus, Section 40-8-111(1)(a)(v), MCA, sets forth a two-pronged test to determine whether the natural parent's consent is required for adoption. First, it must be determined whether the nonconsenting parent has not contributed to the support of the child during a period of one year before the filing of the petition for adoption and, second, it must be determined whether the nonconsenting parent had the ability to contribute to the child's support. In the Matter of the Adoption of S.L.R. (Mont. 1982), 640 P.2d 886, 39 St.Rep. 156. The burden rests on the petitioner to show that the requirements of Section 40-8-111(1)(a)(v), MCA, have been met and strict statutory compliance is required. In the Matter of Challeen (1977), 172 Mont. 362, 563 P.2d 1120; In re Adoption of Biery (1974), 164 Mont. 353, 522 P.2d 1377. Our basic policy in adoption cases has been that a statute should not be interpreted in favor of a parent who seeks the benefit of parental rights but shuns the burden of parental obligations. In Re Burton's Adoption (1956), 147 Cal.App.2d 125, 305 P.2d 185; cited with approval in In the Matter of

-4-

the Adoption of R.A.S. (Mont. 1984), No. 83-175 and In the Matter of the Adoption of S.L.R., supra.

In the recent case of In the Matter of the Adoption of R.A.S., supra, we decided a question that is dispositive of the issue presented in the case at bar. In holding that the consent of the natural father was not required for the adoption of the minor child we said:

> ". . . We hold that to construe the statute as requiring the nonconsenting parent to remain current within one year on his or her support payments is in accord with the policy of the adoption statutes and the intent of the legislature."

In the case at bar, appellant was three years and $4,200 behind on his child support payments. It is clear from the record that he had the ability to make support payments. Thus, it need only be determined whether he had not contributed to the support of the child during a period of one year prior to the filing of the petition for adoption. Since the natural father's payments of $100 on July 8, 1983, $150 on July 26, 1983 and $100 on August 16, 1983 were insufficient to bring him current in support payments within one year prior to the filing of the petition for adoption our decision in In the Matter of the Adoption of R.A.S., supra, clearly indicates his consent to the adoption was not required.

Affirmed.

_____
Justice

-5-

We concur:

_____
Chief Justice

John Conway Harrison

_____

John L. Shelly

Frank B. Morrison

_____
Justices

-6-

Mr. Chief Justice Haswell, dissenting.

I respectfully dissent from the majority opinion. I am unable to approve the majority's statutory construction of section 40-8-111(1), MCA.

The statute provides in pertinent part:

"(1) An adoption of a child may be decreed . . .

". . .

"(v) if it is proven to the satisfaction of the court that the father . . . if able, has not contributed to the support of the child during a period of one year before the filing of a petition for adoption; . . ."

Here the petition was filed on the same day that the natural father contributed $100 to the support of the minor child. Thus, the father contributed to the support of the child "during a period of one year before the filing of a petition for adoption" and his consent to the adoption was required.

This Court has long required strict compliance with the adoption statute because of the harshness of permanently terminating parental rights. Adoption of Biery (1974), 164 Mont. 353, 522 P.2d 1377; In the Matter of the Adoption of Smigaj (1977), 171 Mont. 537, 560 P.2d 141; In the Matter of Challeen (1977), 172 Mont. 362, 563 P.2d 1120; Matter of the Adoption of S.L.R. (Mont. 1982), 640 P.2d 886, 39 St.Rep. 156.

The decision in this case today and in the companion case of Adoption of RAS (1984), No. 83-175, indicate that only lip service will be given to this rule in the future in order to achieve result-oriented decisions.

I would reverse the District Court.

_____
Chief Justice

We join in the foregoing dissent of Chief Justice Haswell.

_____
Justice