No. 85-162

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

IN RE THE SUPPORT OF ROCKMAN.

APPEAL FROM:    District Court of the Eighth Judicial District,
                In and for the County of Cascade,
                The Honorable Joel G. Roth, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

                Hartelius & Ferguson; Channing J. Hartelius,
                Great Falls, Montana

        For Respondent:

                Church, Harris, Johnson & Williams; Donald A.
                LaBar, Great Falls, Montana

                                Submitted on Briefs:  May 30, 1985

                                        Decided:  September 5, 1985

Filed: SEP 5 - 1985

*Ethel M. Harrison*
_____
                Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

Bryce L. Rockman (father) and Connie J. Rockman (mother) each appeals an order of the Cascade County District Court which reduced father's monthly obligation of child support. We affirm.

The issues are:

1. Did the District Court err in reducing the father's child support obligation?

2. Did the District Court err in failing to award attorney's fees and costs to appellant?

3. Did the District Court err in setting the monthly support obligation at $175 per child for a total of $525?

4. Did the District Court abuse its discretion in not making the modification effective April 17, 1984, the date the father filed his motion to reduce his child support payments?

5. Did the District Court abuse its discretion in failing to give credit of $3,840 against delinquent child support payments of $11,527?

6. Did the District Court err in allowing the father visitation every other Tuesday from 4:00 p.m. until the children's bedtime?

The parents were married in 1970. Their marriage was dissolved in 1982. Mother received custody of the couples' three children, and father was ordered to make support payments of $330 per month for each child.

Father moved to modify his child support obligation based upon a change of circumstances. On November 19, 1984, the District Court ordered the father's child support obligation reduced to $175 per month for each child. In addition, the court modified the visitation rights of the father and ordered each party to bear his/her own attorney's fees and costs.

2

I.

Did the District Court err in reducing the father's child support obligation?

The District Court pursuant to § 40-4-208(2)(b)(i), MCA, may modify a child support obligation "upon a showing of changed circumstances so substantial and continuing as to make the [original or previous] terms unconscionable." Mother contends the evidence presented at the hearing did not show a change of circumstances so substantial and continuing as to render the original decree unconscionable.

This Court will not reverse the District Court on the issue of modification of child support unless the findings of fact are clearly erroneous. Rule 52(a), M.R.Civ.P., states in pertinent part:

> Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses.

Findings of fact are not clearly erroneous if supported by substantial credible evidence:

> This Court's function . . . is not to substitute its judgment in place of the trier of facts but rather it is "confined to determining whether there is substantial credible evidence to support" the findings of fact and conclusions of law. Although conflicts may exist in the evidence presented, it is the duty and function of the trial judge to resolve such conflicts. His findings will not be disturbed on appeal where they are based on substantial though conflicting evidence.

Olson v. Westfork Properties, Inc. (1976), 171 Mont. 154, 157, 557 P.2d 821, 823 (citations omitted).

The District Court in its second conclusion of law held:

> The favorable change in economic circumstances for . . . [mother] and the unfavorable change in economic circumstances of . . . [father], both occurring after the decree of dissolution herein are so substantial and continuing as of the present time as to make the terms of the

child support decree of August 19, 1982
unconscionable pursuant to section
40-4-208(2)(b)(i) MCA.

The record indicates that the mother has inherited a substantial sum of money, receives periodic income from the family corporation, and now owns a home, debt free. The father's income has changed from a maximum of $3,800 a month to a monthly average of $2,315 for June through September 1984.

We conclude the record contains substantial credible evidence to support the District Court's findings of a substantial and continuing change of circumstances rendering the original decree unconscionable. The findings are not clearly erroneous. We affirm the District Court's modification of the child support obligation.

## II.

Did the District Court err in failing to award attorney's fees and costs to appellant?

Section 40-4-110, MCA, governs the awarding of attorney's fees.

> The court from time to time, after considering the financial resources of both parties, may order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding under chapters 1 and 4 of this title and for attorney's fees, including sums for legal services rendered and costs incurred prior to the commencement of the proceeding or after entry of judgment. The court may order that the amount be paid directly to the attorney, who may enforce the order in his name.

This Court has indicated that the awarding of attorney's fees under this statute is not mandatory. See In re the Marriage of Carlson (Mont. 1984), 693 P.2d 496, 41 St.Rep. 2419. The court was well appraised of the financial resources of both parents. We find no abuse of discretion in directing the parties to pay their own attorney's fees and costs.

4

## III.

Did the District Court err in setting the monthly support obligation at $175 per child for a total of $525?

Father contends that the child support obligation should have been reduced to approximately $125 per month for each child. Father argues that because the house and car are debt free to the mother, his support obligation should be based only on the out-of-pocket expenses of the mother. This logic is erroneous. The court need not limit its calculation of a child support obligation to a percentage of out-of-pocket expenses.

As stated, the standard of review is whether there is substantial credible evidence in the record to support the District Court's findings. The record contains substantial evidence bearing on the amount needed by the children and the amount husband can pay.

We affirm the award.

## IV.

Did the District Court abuse its discretion in not making the modification effective April 17, 1984, the date the father filed his motion to reduce his child support payments?

Section 40-4-208(1), MCA, governs the effective date of modification.

> (1)    Except as otherwise provided in 40-4-201(6), a decree may be modified by the court as to . . . support only as to installments accruing subsequent to the motion for modification.

The statute leaves the effective date in the discretion of the District Court. Father contends the effective date should be retroactive to the date the original motion was filed. The record does not contain substantial evidence which would require a change in the effective date. We affirm the District Court.

V.

Did the District Court abuse its discretion in failing to give credit of $3,840 against delinquent child support payments of $11,527?

Father requests an offset in the amount of $3,840. Pursuant to the original dissolution decree, father was ordered to sell a home in Alabama and turn the net sale proceeds over to the mother. In order to consummate the sale, it was necessary for either the father or mother to supplement the purchasers' house payments with $160 per month for two years, a total of $3,840. The father voluntarily supplemented the house payments. Father contends his generosity should offset a part of the delinquent child support obligation.

In deciding whether an offset should be permitted, this Court looks first to whether both parties agreed the payment would offset the child support obligation. In re the Marriage of Good (Mont. 1984), 691 P.2d 1337, 1339, 41 St.Rep. 2109, 2111. The record does not contain evidence that the father and mother agreed to offset the father's generosity against the child support obligation. We affirm the District Court's denial of an offset.

VI.

Did the District Court err in allowing the father visitation every other Tuesday from 4:00 p.m. until the children's bedtime?

Finding of fact number 4 indicates the parties stipulated to an extensive visitation agreement. Among other things, the agreement covered summer vacation, school holidays including Thanksgiving and Christmas, children's birthdays, Father's Day, Mother's Day, Fourth of July, Labor Day and Halloween. In addition, the court awarded the father visitation every other Tuesday from 4:00 p.m. until the children's

6

bedtime. We conclude the record contains substantial credible evidence to support the District Court's award of visitation rights.

We affirm the District Court.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

7