No. 85-154

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

_____

IN THE MATTER OF THE ADOPTION OF

E. S. R., a minor child.

_____

APPEAL FROM: District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable Robert Holmstrom, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Herndon, Harper & Munro; James G. Edmiston, Billings,
Montana

For Respondent:

Moses Law Firm; Stephen Moses and Jay F. Lansing,
Billings, Montana

_____

Submitted on briefs: June 19, 1985

Decided: September 24, 1985

Filed: SEP 24 1985

_____
Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

Stepfather appeals a judgment of the Yellowstone County District Court which denied his petition for the adoption of E.S.R. We affirm.

The issues are:

1. Did the District Court err in concluding that mother and father had entered into an oral agreement modifying father's duty to pay $125 per month for the support of E.S.R.

2. Did the District Court err in concluding that the oral modification agreement was a proper basis for its conclusion that father had supported E.S.R. during the previous year, so his consent was necessary under § 40-8-111(1)(a), MCA?

Mother and father were divorced in 1980. Mother was granted sole custody of the two minor children, a boy and a girl (E.S.R.). The father's child support obligation was set at $125 per month per child.

In January or February of 1982, the boy went to live with his father for six months. During that period, the mother agreed to suspend the boy's child support obligation of $125 per month. This agreement was later reduced to an order of the court.

Father testified that mother also orally agreed to suspend the girl's support obligation because each parent was totally supporting one child. The mother denied any such agreement.

Stepfather petitioned to adopt E.S.R. and pled that the consent of the father was excused under § 40-8-111(1)(a)(v), MCA, by father's failure to contribute to the support of the child during a period of 1 year before the filing of the petition.

2

The District Court found that the natural parents had orally modified the child support agreement. The District Court concluded that the father had supported E.S.R. by totally supporting the boy and thus his consent was necessary under § 40-8-111(1)(a), MCA.

I

By statute, a child cannot be adopted without the natural parents' consent, subject to certain exceptions. Section 40-8-111(1)(a)(v), MCA, provides in pertinent part:

> (1) An adoption of a child may be decreed when there have been filed written consents to adoption executed by:
>
> (a) both parents, if living . . . provided that consent is not required from a father or mother:
>
> . . .
>
> (v) if it is proven to the satisfaction of the court that the father or mother, if able, has not contributed to the support of the child during a period of 1 year before the filing of a petition for adoption; . . .

The principal issue is whether father has contributed to the support of E.S.R. In order for the stepfather to prevail, he must have proved by clear and convincing evidence that father "has not contributed to the support of the child during a period of one year prior to the filing of the petition and . . . [father] had the ability to contribute . . ." See Matter of Adoption of R.A.S. (Mont. 1984), 679 P.2d 220, 223, 41 St.Rep. 451, 453.

II

Did the District Court err in concluding that mother and father had entered into an oral agreement modifying father's duty to pay $125 per month for the support of E.S.R.?

The District Court's finding of fact 11 states:

> The evidence regarding the agreement between the natural parents of the minor

> child is in dispute; after considering
> the evidence and the demeanor of the
> parties while testifying, the Court finds
> that the weight of the evidence supports
> the testimony of the father that such an
> agreement was made and the Court finds
> that such an agreement did exist between
> the natural parents of the minor child
> and that the father . . . in reliance
> upon said agreement, did not make the
> child support payments specified in the
> decree of dissolution and had such an
> agreement not been in existence, he would
> have made the payments for the support of
> the minor child as specified in the
> decree of dissolution.

This Court will not reverse the District Court unless the findings of fact are clearly erroneous. Rule 52(a), M.R.Civ.P., states in pertinent part:

> Findings of fact shall not be set aside
> unless clearly erroneous, and due regard
> shall be given to the opportunity of the
> trial court to judge of the credibility
> of the witnesses.

Findings of fact are not clearly erroneous if supported by substantial credible evidence:

> This Court's function . . . is not to
> substitute its judgment in place of the
> trier of facts but rather it is "confined
> to determining whether there is substan-
> tial credible evidence to support" the
> findings of fact and conclusions of law.
> Although conflicts may exist in the
> evidence presented, it is the duty and
> function of the trial judge to resolve
> such conflicts. His findings will not be
> disturbed on appeal where they are based
> on substantial though conflicting
> evidence.

In re the Support of Rockman (Mont. 1985), _____ P.2d _____, 42 St.Rep. 1323, 1325.

Father testified that mother never requested child support payments after she orally agreed to suspend the girl's support obligation. The record contains evidence that father was current in his child support obligation until the time the agreement took place. Mother testified that there was never an oral agreement, she simply got tired of fighting

4

with father over his duty to support E.S.R. However, mother did testify that her attorney had told her that if father failed to make payments for one year his consent would not be necessary in the stepfather's adoption of E.S.R.

The record indicates that mother's attorney had knowledge of father's belief in the existence of an oral agreement. In October 1982, father's attorney sent mother's attorney a letter in response to pending litigation over the property settlement. Among other things, the letter made reference to the oral agreement modifying the child support obligation. Mother testified she never saw the letter.

We conclude the record contains substantial credible evidence to support the District Court's finding of an oral agreement modifying father's child support obligation of E.S.R.

## III

Did the District Court err in concluding that the oral modification agreement was a proper basis for its conclusion that father had supported E.S.R. during the previous year, so his consent was necessary under § 40-8-111(1)(a), MCA?

Mother contends that the oral modification agreement is an improper basis for concluding the father has supported E.S.R. because verbal modification of child support decrees is prohibited under § 40-4-208(2)(b), MCA. That contention might be appropriate if the District Court were considering whether the agreement would be enforceable in an action to recover past due child support payments. However, that is not the issue before this Court. Essentially, the issue is whether the father has contributed to the support of E.S.R. so that his consent was required prior to adoption.

The District Court's conclusion of law 2 states:

5

> That . . . [father] has contributed to
> the support of E.S.R. during the period
> of one (1) year before the filing of the
> Petition for Adoption and his consent to
> the adoption is therefore necessary.

In an accompanying memorandum, the District Court gave
its rationale:

> It is the Court's view that under the
> agreement of the parties, both parties
> have continued to contribute to the
> support of both children and the mere
> fact that they have contracted with one
> another to assume a portion of each
> other's obligation does not lessen the
> fact that they are contributing to the
> support of each of the children.

As stated previously, the standard of review is whether
there is substantial credible evidence to support the court's
conclusion.

The record contains evidence that the oral agreement
provided each parent would totally support one child. Al-
though the father did not actually give the mother child
support payments, his conduct of totally supporting one child
was, by agreement, the equivalent of financial support for
both children.

We conclude there is substantial credible evidence to
support the District Court's conclusion that father had
supported E.S.R. during the previous year, so father's con-
sent was necessary under § 40-8-111(1)(a), MCA.

We affirm.

_____
Justice

We concur:

_____
Chief Justice

_____

6

John C. Sheehy

William E. Hunter

Justices