No. 86-277

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

_____

IN THE MATTER OF THE ADOPTION OF
B. L. P., a minor female child.

_____

APPEAL FROM:   District Court of the Sixteenth Judicial District,
               In and for the County of Fallon,
               The Honorable Alfred B. Coate, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

            Marcia Birkenbuel, Great Falls, Montana

        For Respondent:

            Jeffrey M. Sherlock, Helena, Montana

_____

                    Submitted on Briefs: Sept. 4, 1986

                         Decided: November 25, 1986

Filed:      NOV 2 5 1986

_____
                    Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

The natural father of minor child B.L.P. appeals an order of the District Court of the Sixteenth Judicial District in and for Fallon County, Montana, terminating his parental rights and allowing the adoption of his minor child without his consent. We affirm.

J.C.E. filed a petition to adopt the minor child, B.L.P., April 15, 1985. The petitioner was married to the child's natural mother at that time. The mother consented to the adoption. The court granted the adoption May 14, 1985, although the natural father was not notified of the adoption proceeding and did not consent to the adoption.

The natural father (appellant here) filed a petition to set aside the adoption for lack of notice. After a hearing, it was set aside by the District Court. The original petition then was re-set for hearing, but the natural father stipulated to submission of the case to the District Court on the evidence submitted at the hearing to set aside, the briefs, and proposed findings and conclusions of counsel. A second hearing was not held.

The District Court issued its order reinstating the original decree of adoption, for the reason the natural father's consent was not necessary to the adoption because he failed to pay child support, although he was able to contribute, during a period of one year before the filing of the petition, pursuant to § 40-8-111(1)(a)(v), MCA.

The issue before the Court is whether the District Court erred in finding the natural father was able to

contribute to the support of B.L.P., he did not do so, and consequently his child can be adopted without his consent.

B.L.P. is the legitimate child of her mother and the appellant. The parents' marriage was dissolved in March, 1982, when B.L.P. was one year old. The mother was awarded custody and appellant was ordered to pay $100 per month toward the child's support. Appellant was employed at a sporting goods store from May, 1982, until June, 1983. He voluntarily quit this job in an effort to earn more money in another business. The new business did not materialize, however. He worked for his grandmother from February through September, 1984, in return for room and board and the payment of some of his debts, including $600 of child support.

In the meantime both of B.L.P.'s parents had remarried. Appellant and his present wife moved to California in November, 1984, where he obtained steady employment. They have two children. The child's mother finished college and obtained a teaching position in August, 1984. Her husband filed the adoption petition. At the time the adoption petition was filed, appellant owed approximately $1,700 in child support.

In adoption cases, we require strict compliance with the statutes because of the harshness of permanently terminating parental rights. In the Matter of the Adoption of Biery (1974), 164 Mont. 353, 359, 522 P.2d 1377, 1380. See also In the Matter of the Adoption of R.A.S. (Mont. 1984), 679 P.2d 220, 41 St.Rep. 451; and In the Matter of the Adoption of Smigaj (1977), 171 Mont. 537, 560 P.2d 141. The

appropriate statute, § 40-8-111(1)(a)(v), MCA, says in pertinent part:

> An adoption of a child may be decreed when there have been filed written consents to adoption executed by:
>
> (a) both parents, if living, or the surviving parent of the child, provided that consent is not required from a father or mother:
>
> . . .
>
> (v) if it is proven to the satisfaction of the court that the father or mother, if able, has not contributed to the support of the child during a period of 1 year before the filing of the petition for adoption; . . .

Rigid application of the statute must not discount the necessity for due process. The United States Supreme Court has ruled that the natural parents' right to care and custody of their child is a "fundamental liberty interest" to be protected by fundamentally fair procedures.

> The fundamental liberty interest of natural parents in the care, custody, and management of their child does not evaporate simply because they have not been model parents or have lost temporary custody of their child to the State. Even when blood relationships are strained, parents retain a vital interest in preventing the irretrievable destruction of their family life. If anything, persons faced with forced dissolution of their parental rights have a more critical need for procedural protections than do those resisting state intervention into ongoing family affairs. When the State moves to destroy weakened familial bonds, it must provide the parents with fundamentally fair procedures. Santosky v. Kramer (1982), 455 U.S. 745, 753-54, 102 S.Ct. 1388, [1394-95], 71 L.Ed.2d 599, [606].

In the Matter of R.B. (Mont. 1985), 703 P.2d 846, 848, 42 St.Rep. 1055, 1058.

Section 40-8-111, MCA, does not provide for notice per se. Nonetheless, waiver of the right of a parent to consent to the adoption of his child is not a waiver of the due process right to be heard. While the burden is on the party seeking to adopt a child to show the non-consenting parent has not contributed child support, although able to do so, Biery, supra, 164 Mont. at 359, 522 P.2d at 1380, the non-consenting parent cannot be deprived of the opportunity to present evidence to the contrary. The District Court properly set aside the original order for adoption to allow the natural father to be heard. After the hearing the District Court properly applied the two-prong test set out in § 40-8-111(1)(a)(v), MCA.

There is no dispute appellant did not contribute to the support of his child during a period of one year before the filing of the petition for adoption. If no contribution has been made, it must be determined whether the non-consenting parent had the ability to contribute to the child's support. In the Matter of the Adoption of R.A.S., supra, 679 P.2d at 223, 41 St.Rep. at 453.

Appellant argues he was unable to make support payments during the year immediately prior to the date the petition was filed. The District Court found the statutory ability to pay child support cannot be determined solely by the natural parent's income. It also encompasses the ability to earn income and the desire to earn it. We will not overturn the findings of the District Court unless they are clearly erroneous. Rule 52(a), M.R.Civ.P. Nunnally v. Nunnally (Mont. 1981), 625 P.2d 1159, 1162, 38 St.Rep. 529, 532;

Matter of R.M.B. (Mont. 1984), 689 P.2d 281, 284, 41 St.Rep. 1925, 1929. We have long adhered to the standard of review which provides that we will consider only whether substantial credible evidence supports the findings and conclusions of the trial court. Matter of R.M.B., supra, 689 P.2d at 285, 41 St.Rep. at 1929.

A parent cannot voluntarily become unemployed, fail to pay court ordered child support, and retain parental rights. Matter of S.L.R. (1982), 196 Mont. 411, 415, 640 P.2d 886, 888. Appellant voluntarily gave up a steady job in the expectation he could get a better paying job. He was unable to find work in the Great Falls area, but did find a steady job in California in November, 1984, yet made no support payments prior to April 15, 1985, the day the petition for adoption was filed, although his income was between $600 and $1,500 per month. He remarried and is the father of two more children. He made at least two trips to Montana for sporting events, while child support payments were in arrears. He did not see his child on either trip. He is able to pay $2,000 in attorney's fees. The record indicates his priorities were fundable, but support payments apparently were not a high priority.

Appellant argues his voluntary termination of employment in order the secure a job which would provide a decent salary is indication of a respect for his parental obligations. The District Court was not convinced by this argument. The evidence clearly shows that a "respect for parental obligations" did not motivate him to assume the burden of those obligations.

"'A statute should not be interpreted in favor of a father who seeks the benefit of parental rights but shuns the burden of parental obligations.'" Matter of S.L.R., supra, citing with approval In Re Burton's Adoption (Cal. 1956), 305 P.2d 185, 191.

There is substantial evidence appellant did not contribute to the support of his child, although able to do so, during a period of one year before the petition for adoption was filed.

We affirm the order of the District Court.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

7